[Crim. No. 4124.   First Dist., Div. Three.   Oct. 5, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. DWAYNE L. BUTTERFIELD, Defendant and Appellant.

*Formerly Rules on Appeal, rule 14.

Thomas H. Hughes, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny and Derald E. Granberg, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—This appeal presents only a question of construction of Penal Code section 4531, one of a number of code sections penalizing escape. Defendant was charged, tried to the court without a jury, and convicted of violation of the section. He appeals.

Defendant had been paroled from state prison. He called at his parole agent's office. That officer questioned him and, on the basis of defendant's answers, placed him under arrest for parole violation. Defendant ran. Despite the handicap of being handcuffed, he outdistanced the parole agent in a three-block race. He was recaptured next day.

Clearly defendant escaped from actual custody after a lawful arrest. The question is whether this escape is within the definition of the section under which defendant was charged and tried.

"Every prisoner committed to a State prison who escapes . . . from any prison road camp, prison forestry camp, or other prison camp or prison farm or other place while under the custody of prison officials, officers or employees" comes within section 4531.

For certain purposes, a parolee remains in a broad sense a prisoner (*People* v. *Denne,* 141 Cal.App.2d 499, 507-510 [297 P.2d 451]), one for whom "[p]arole has . . . pushed back the prison walls" (id., p. 508). But it seems clear that he is not one "committed to a State prison." Code references to "prisons" in the title of which section 4531 is a part "refer to all facilities, camps, hospitals and institutions for the confinement, treatment, employment, training and discipline of persons" in custody of the Department of Corrections (Pen. Code, § 6082). Defendant's parole had suspended, or conditionally released him from, his prior commitment to such an institution. Such suspension is of the essence of parole.

Although the parolee remains in custody of the Department of Corrections, he is not recommitted to a specific facility of the department until revocation of his parole.

Such revocation may be made by the Adult Authority without notice (Pen. Code, § 3060), but only for cause (Pen.

Code, § 3063; *In re McLain,* 55 Cal.2d 78, 87 [9 Cal.Rptr. 824, 357 P.2d 1080]). No such revocation is shown in the record here. ■ Thus defendant was not a "prisoner committed to a State prison" within the meaning of section 4531. Since he was not "at work," he does not come within the final clause of the section as one "at work outside or away from prison."

In view of this determination, we need not resolve the question whether the parole agent in whose custody he was is a prison official, officer or employee, as also required by section 4531.

Our conclusion that the escape charged is not within the section relied upon is strengthened by the language of the following code section. It provides that "[e]very prisoner . . . convicted of a felony . . . who is in the lawful custody of any officer or person" and escapes, is guilty of a felony (Pen. Code, § 4532, subd. (b)). By eliminating the requirement that the prisoner be one "committed to a State prison," and the requirement that the custody be that of "prison officials, officers or employees," it seems designed to cover precisely the situation here presented. The statute of limitations has not run against prosecution under that section.

Judgment reversed.

Salsman, J., and Devine, J., concurred.