[Crim. No. 796. Fifth Dist. Sept. 17, 1970.]

THE PEOPLE, Plaintiff and Appellant, v.
GARY LEE HANDLEY, Defendant and Respondent.

**COUNSEL**

Thomas C. Lynch, Attorney General, and Daniel J. Kremer, Deputy Attorney General, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

OPINION

COAKLEY, J.—The basic question for decision is whether the respondent "escaped" within the purview of Penal Code section 4532, subdivision (a).[1] The facts are not in dispute.

Respondent pleaded guilty in the Superior Court of Kern County to violating section 12025 of the Penal Code and section 11556 of the Health and Safety Code, both misdemeanors.[2] Probation was denied and sentence was imposed in these words:

"IT IS THE JUDGMENT OF THIS COURT you be sentenced to thirty days in the County Jail on each count, to run concurrently.

"You are in custody. Sit down over there."

The phrase "over there" referred to an area of the courtroom customarily reserved for persons in custody. As the court was directing him to sit down, respondent ran from the courtroom and continued his flight until he reached the parking lot adjacent to the court house. Within a matter of minutes, respondent returned to the court house where he identified himself to a deputy sheriff who was searching for him. Respondent voluntarily, and without restraint of any kind, returned to the courtroom with the deputy sheriff and took a seat in the courtroom. Five to ten minutes elapsed between respondent's flight from and his return to the courtroom.

---

[1] The full text of Penal Code section 4532, subdivision (a), reads as follows: "Every prisoner arrested and booked for, charged with, or convicted of a misdemeanor, and every person committed under the terms of Sections 5654, 5656, or 5677 of the Welfare and Institutions Code as an inebriate, who is confined in any county or city jail or prison or industrial farm or industrial road camp or who is engaged on any county road or other county work or who is in the lawful custody of any officer or person, or who is employed or continuing in his regular educational program or authorized to secure employment or education away from the place of confinement, pursuant to the Work Furlough Rehabilitation Law (Section 1208), and who thereafter escapes or attempts to escape from such county or city jail, prison, industrial farm or industrial road camp or from the custody of the officer or person in charge of him while engaged on or going to or returning from such county work or from the custody of any officer or person in whose lawful custody he is, is guilty of a felony and, if such escape or attempt to escape was not by force or violence, is punishable by imprisonment in the state prison for not exceeding one year and one day, regardless of any prior convictions, or in the county jail not exceeding one year; provided, however, that if such escape or attempt to escape is by force or violence, such person is guilty of a felony and is punishable by imprisonment in the state prison not exceeding 10 years, or in the county jail not exceeding one year; provided, that when said second term of imprisonment is to be served in the county jail it shall commence from the time such prisoner would otherwise have been discharged from said jail."

[2] The record before us is silent as to how and why these misdemeanor charges reached the superior court.

At the time of sentencing, respondent had been at liberty on bail. The record is silent as to whether he had been arrested, booked, and jailed prior to the fixing of bail.[3]

The bailiff on duty in the courtroom when respondent was sentenced testified that it was the court's practice to say, "The bail bond is exonerated" after saying, "Take a seat over there," but "whether he got that far or not, I don't know because the running was taking place at that time."

In due course, respondent was charged with violating section 4532, subdivision (a), of the Penal Code. He was held to answer in the superior court. An information followed, and respondent filed a motion under Penal Code section 995 to set it aside. The motion was heard upon the transcript of the preliminary examination. The court granted respondent's motion, doing so in reliance upon *In re Culver,* 69 Cal.2d 898 [73 Cal. Rptr. 393, 447 P.2d 633]. The court interpreted *Culver* as holding that Penal Code section 4532 is not violated unless, at the time of escaping, the person charged was "a prisoner" confined in or temporarily outside of a place of incarceration such as a prison or jail.[4]

The appeal is by the People from an order granting the motion to set aside the information.

■ Appellant contends that the superior court erred in granting respondent's motion, and cites *Rideout* v. *Superior Court,* 67 Cal.2d 471, 474 [62 Cal.Rptr. 581, 432 P.2d 197], for the proposition that "A reviewing court may not substitute its judgment as to the weight of the evidence for that of the magistrate, and, if there is some evidence to support the information, the court will not inquire into its sufficiency. [Citations.] Every legitimate inference that may be drawn from the evidence must be drawn in favor of the information. [Citation.]"

Appellant correctly states the rule as to the authority of the superior court with respect to motions under Penal Code section 995. However, its position begs the issue in this case.

---

[3]It is common in misdemeanor cases for district attorneys to file a criminal complaint and have the defendant appear in the magistrate's court without being arrested and booked.

[4]For the purpose of resolving the issue in *Culver,* who was prosecuted under subdivision (b) of Penal Code section 4532, the court noted (fn. 2, p. 900 of the official text) that the relevant text of subdivisions (a) and (b) of Penal Code section 4532 was identical.

The same is true of subdivisions (a) and (b) of Penal Code section 4532, as amended after *Culver,* for the purpose of resolving the issue in this case, though, as noted, the appellant was prosecuted under subdivision (a).

It should be noted, however, that subdivisions (a) and (b) have been amended since Culver's escape and prosecution.

There is no conflict in the evidence, and the court did not purport either to weigh or reweigh it. A pure question of law, only, was involved, viz., an interpretation of the statute as applied to the undisputed facts. In such case we must make an independent determination. (*California Sch. Employees Assn.* v. *Willits Unified Sch. Dist.*, 243 Cal.App.2d 776, 781 [52 Cal.Rptr. 765].)

In our view, *In re Culver, supra*, 69 Cal.2d 898, on which the Supreme Court relied solely, is distinguishable and is not authority for holding that respondent's flight did not constitute an escape within the meaning of Penal Code section 4532, subdivision (a).

In *Culver* there was an in-the-field arrest based on a report of an assault or a battery committed by a person answering the appellant's description, and who "was wanted by the authorities," no doubt for questioning in connection with the reported crime. When arrested, Culver struggled with the officer and escaped. Within an hour he was again taken into custody. He was charged with battery and acquitted. He was then charged with, and convicted of a violation of Penal Code section 4532, subdivision (b), which then read as follows: "Every prisoner charged with or convicted of a felony . . . who escapes . . . from the custody of any officer or person in whose lawful custody he is, is guilty of a felony. . . ." At the time Culver was arrested and ran from the officer *no charges* had been filed against him, and, of course, he *had not been convicted of* the crime for which he was arrested.

*People* v. *Redmond*, 246 Cal.App.2d 852 [55 Cal.Rptr. 195], cited with approval in *Culver*, holds that the phrase "charged with" requires something more than an arrest, i.e., something in the nature of a criminal complaint, an information, or an indictment. We agree.

Clearly, then, since at the moment of his arrest and flight Culver had neither been "charged with" nor "convicted of" a felony or misdemeanor, he did not violate the statute.

The thrust of *Culver* is found in these words at pages 904–905: "The character of preincarceration custody in the field may be fraught with uncertainty and may range from a temporary detention for investigation to an arrest for an undefined or ill-defined crime to an arrest for a clearly specified crime." That is not our case.

Penal Code section 4532, subdivision (a), under which appellant was convicted, reads as follows: "Every prisoner arrested and booked for, charged with, or convicted of a misdemeanor, . . . who is in the lawful custody of any officer or person, . . . and who thereafter escapes or

attempts to escape from . . . the custody of any officer or person in whose lawful custody he is, is guilty of a felony. . . .''

The very material factual distinction between *Culver* and our case is that, at the moment of their respective escapes, Culver, though arrested, had neither been "charged with" or "convicted of" a crime, whereas, the respondent had been both "charged with" and "convicted of" a crime.

Respondent's dash from the courtroom following sentencing and the court's words, "You are in custody. Sit down over there," leaves no doubt that (1) he knew he stood convicted of two misdemeanors, and (2) he knew that he was then in the custody of the deputy sheriff-bailiff.

In *People* v. *Francisco*, 228 Cal.App.2d 355, at page 358 [39 Cal.Rptr. 503], the court said that: ". . . the elements of the crime of escape under Penal Code section 4532 are: (1) That the accused had been *either* arrested and booked for, or charged with, *or convicted of,* a misdemeanor; (2) That he had been *either* confined in jail, *or placed in the lawful custody of an officer*; (3) That under conditions (1) and (2) he escaped, or attempted escape, from said jail *or custody*." (Italics added.) All three of these elements are present here.

There is language in *Culver* which appears to equate the word "prisoner" as used in Penal Code section 4532, with incarceration, and which appears to require, as an essential element, incarceration before there can be an escape from a prison, jail or similar facility, or from the custody of an officer while temporarily outside such facility. Such language was not necessary to the decision in that case. Not having been "charged with" or "convicted of a crime," Culver could not have violated the statute *as it then read,* even if he had been incarcerated at the time of or immediately prior to his escape.[5] For that reason, such language was dicta and does not constitute a precedent binding in the case at bench. "Whatever may be said in an opinion that is not necessary to a determination of the question involved is to be regarded as mere dictum. . . . Expression of dictum is not binding on a court inferior to that which rendered the decision." (*Ball* v. *Rodgers,* 187 Cal.App.2d 442, 450 [9 Cal.Rptr. 666]; see also *Cox* v. *Tyrone Power Enterprises,* 49 Cal.App.2d 383, 397 [121 P.2d 829].)

To interpret *Culver* as holding that there could be no violation of Penal Code section 4532 unless the escape has been preceded by incarceration invites illogical and unjust results. To illustrate: A criminal complaint, charging battery, is filed against A and B as codefendants. A is arrested,

---

[5]As amended in 1961, one may violate the statute prior to being "charged with" or "convicted of" a crime, i.e., by escaping after being "arrested and booked." (See fn. 1, *ante.*)

booked and jailed. He does not make bail. B makes a voluntary appearance and is admitted to bail. On their next appearance for the purpose of entering a plea, A pleads not guilty. B pleads guilty, probation is denied summarily, he is sentenced and told by the court, "You are in custody. Sit down over there." B immediately runs from the courtroom. A, acting impulsively, follows. Each changes his mind about escaping and voluntarily returns to the courtroom. If the dictum in *Culver* is controlling in these two situations, i.e., that incarceration is a condition precedent to a violation of Penal Code section 4532, A, who may be innocent of the crime for which he was incarcerated, nevertheless, commits a felony in running from the courtroom, while B, who stood convicted of a crime and was in the custody of the same courtroom bailiff at the moment that the two men ran from the courtroom, does not violate the statute. In enacting the statute, the Legislature could not have intended such an interpretation. Nor do we believe that *Culver* requires that we so interpret it.

 Two matters remain for discussion and clarification. As noted, the court in *Culver* equated the word "prisoner" as used in the statute with one who is incarcerated or temporarily outside of a place of incarceration. Also, as noted, such language was dictum.

In *People* v. *White,* 177 Cal.App.2d 383, 384 [2 Cal.Rptr. 202], the issue was the interpretation of Penal Code section 4502, reading in part as follows: " 'Every prisoner committed to a State prison who, while at such State prison . . . or while under the custody of prison officials . . .' " possesses certain instruments or any explosive substance is guilty of a felony. Convicted of possessing an instrument proscribed by the statute, White contended that he had been committed to the state correctional system, i.e., the Mendocino State Hospital, as a "patient" and not as a "prisoner." In rejecting the contention, the court, in reliance on dictionary definitions, held at pages 384-385: "The word 'prisoner' is defined . . . as 'a person . . . in custody or in prison; one involuntarily restrained; . . . one who is in custody as the result of a legal process.' . . . 'A person deprived of his liberty by virtue of a judicial or other lawful process.' "

Upon being told by the court, "You are in custody. Sit down over there," the respondent was a "person deprived of his liberty by virtue of a judicial or other lawful process," and, therefore, a "prisoner" within the contemplation of Penal Code section 4532.

 At the hearing on respondent's motion to set aside the information, he contended that when one is on bail an order placing him in custody is not effective until bail is ordered exonerated. He pointed out that the record does not disclose an order exonerating bail. There is no merit to this contention. First, he dashed from the court before giving the court an oppor-

tunity to follow its usual practice of ordering bail exonerated following sentencing and ordering defendant into custody, as testified to by the bailiff. ■ Second, it is settled that when a defendant is granted probation or is sentenced and ordered into custody bail is exonerated by operation of law. (*People* v. *Doe,* 172 Cal.App.2d Supp. 812, 816 [342 P.2d 533]; see also: Pen. Code, § 166; *People* v. *McReynolds,* 102 Cal. 308 [36 P. 590].)

Though we reverse the order of the trial court because we believe that a correct interpretation of Penal Code section 4532, subdivision (a), compels such a reversal, we, nevertheless, concur in the remarks of the magistrate who, when he interpreted the statute as we do and held the respondent to answer, stated that on further proceedings due consideration should be given the fact that the respondent returned to the courtroom and to custody entirely voluntarily, and almost immediately after escaping therefrom.

The order is reversed.

Stone, P. J., and Gargano, J., concurred.