[Crim. No. 3746. Fourth Dist., Div. One. Sept. 24, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT CORDOVA ARMENTA, Defendant and Appellant.

## COUNSEL

Allen Jan, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Gary P. Kesselman, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**WHELAN, J.**—Robert Cordova Armenta (defendant) appeals from a judgment imposing sentence to prison after a jury found him guilty of a violation of Penal Code section 4532, subdivision (b), escape from custody.

Defendant was charged by an information in two counts, on one of which he was convicted; the second charged a violation of Penal Code section 148, obstructing an officer in the performance of his duty, of which he was found not guilty.

The evidence upon which defendant was convicted was a certified copy of a prison record showing he had been received at the state prison on August 9, 1961, for a term of six months to 15 years, and the testimony of Charles Paschal, a parole officer under the Adult Authority, whose area of supervision was Imperial County.

Paschal testified he was such an officer; that in 1967 he had received an official file assigning to him the case of defendant, then on parole, the

earliest termination date of which was April 1970; that in April 1968 defendant's supervision had been removed from Imperial County because defendant had been returned to a prison facility; that on January 9, 1969, Paschal saw defendant in a detention room at the Calexico port of entry; that he asked defendant if the latter was still on parole and was told he was. Paschal then told defendant he was under arrest ". . . for violating his parole, for leaving the county of residency, . . . for leaving the United States; suspect on usage of narcotics." Defendant was handcuffed; after leaving the immigration facility in Paschal's custody defendant took to his heels and was at large for several hours before he was taken into custody by the Calexico police. Paschal said it was usual practice when a parolee was permitted by an agent in the county where he was under supervision to go to another county, for the agent in the county of supervision to send notice to the supervising agent in the county of visitation that such visitation had been permitted, which notice would be received within a day or two of the commencement of the visitation; that he had not received any such notice regarding defendant.

Defendant's contentions are largely concerned with the character of the evidence intended to show he was on parole and in violation of his parole. He also asserts the trial judge influenced the jury to reach a verdict by telling them, when it was reported they had not reached a verdict after 1¼ hours deliberation, that the case was a simple one; thereafter the verdicts were returned in an additional 3¼ hours.

We concern ourselves with only one question: whether a parolee arrested by a parole agent for suspected violation of parole is guilty of a violation of Penal Code section 4532, subdivision (b) if at that moment he escapes from detention.

A dictum in *People* v. *Butterfield,* 208 Cal.App.2d 243 [25 Cal.Rptr. 60], decided in 1962, states that such a conviction would be proper. In *Butterfield,* the reviewing court considered the case of a parolee who had been arrested on suspicion of a parole violation, had then escaped, and had been convicted of a violation of Penal Code section 4531. In holding that code section not applicable, the court said: "Our conclusion that the escape charged is not within the section relied upon is strengthened by the language of the following code section [4532, subd. (b)]. It provides that '[e]very prisoner . . . convicted of a felony . . . who is in the lawful custody of any officer or person' and escapes, is guilty of a felony [citation]. By eliminating the requirement that the prisoner be one 'committed to a State prison,' and the requirement that the custody be that of 'prison officials, officers or employees,' it seems designed to cover precisely the situation here

presented." (*People* v. *Butterfield,* 208 Cal.App.2d 243, 245 [25 Cal.Rptr. 60].)

Thereafter, the Supreme Court of California in December 1968 considered the applicability of Penal Code section 4532, subdivision (b) to the case of a man arrested on probable cause for a felony, who, after having been placed under arrest, broke away from the arresting officer and fled. In holding that it did not apply, the court said: "[T]he statute does not apply until an arrestee has been booked preparatory to incarceration in a jail or other place of confinement and thereby becomes a prisoner within its meaning.

"By fixing booking as the time at which an arrestee may commit a felony by escaping, the Legislature has added precision to the requirement of incarceration that is implicit in the term 'prisoner.' The character of pre-incarceration custody in the field may be fraught with uncertainty and may range from a temporary detention for investigation to an arrest for an undefined or ill-defined crime to an arrest for a clearly specified crime. It was not unreasonable for the Legislature to conclude that section 148 of the Penal Code and other statutes that protect officers in the performance of their duties [citation] are sufficient to cope with the problem of escapes from arresting officers, and that an arrestee who has not yet been incarcerated and who may have done no more than walk away from an arresting officer should not be declared guilty of the felony of escape." (*In re Culver,* 69 Cal.2d 898, 904-905 [73 Cal.Rptr. 393, 447 P.2d 633].)

The literal language of the code section as it might be thought to apply in the case at bench would be this: "Every prisoner . . . convicted of a felony . . . who is in the lawful custody of any officer or person, who escapes . . . from the custody of any officer or person in whose lawful custody he is, is guilty of a felony . . . ."

Defendant here undoubtedly had been convicted of a felony; equally without doubt, he was in the lawful custody of Paschal, whose right to take defendant into custody cannot be questioned. Paschal had probable cause to believe defendant was in violation in being in the County of Imperial and to believe defendant had left the state without permission in violation of Penal Code section 3059.

■ The statute, however, requires more than that a person who has been convicted of a felony thereafter escape from a person who has his lawful custody. If it be supposed that defendant, after having been arrested for some offense committed in the presence of a peace officer who was unaware of defendant's status as parolee, had escaped from the arresting officer, he would not thereby make himself liable under Penal Code

section 4532 subdivision (b). Obviously the custody must be related to the felony of which the person charged with escape has been convicted.

Here, defendant's parole status did derive from the burglary of which he had been convicted. However, while such arrests of parolees have been described as a taking into actual custody of those who have been in constructive custody (*People* v. *Denne,* 141 Cal.App.2d 499, 510 [297 P.2d 451]), his arrest by Paschal had not the effect of terminating his parole; nor was Paschal at the time he made the arrest certain that defendant did not have permission to be where he was, because Paschal later made inquiry as to whether defendant had such permission.

Defendant must be considered as being in like situation with a person arrested on any felony charge who manages to escape from the arresting officer before being booked and charged at the police station.

The situation would have been different had defendant escaped from the parole officer after a revocation of parole. Defendant then would have been in custody as a prisoner in the process of being returned to prison for the felony he had committed. In the actual situation Paschal was not in the course of returning defendant to prison but intended to place him in local detention pending action by the Adult Authority.

The situation would be different also had proof been made that defendant had left the state without permission. There was no such proof, nor any evidence other than the fact that defendant was at the border-crossing station in Calexico.

Penal Code section 3059 is as follows: "If any paroled prisoner shall leave the State without permission of the Adult Authority he shall be held as an escaped prisoner and arrested as such."

A proved violation of its provisions would have the effect automatically of making defendant an escaped prisoner. (*People* v. *Nichols,* 196 Cal. App.2d 223, 229 [16 Cal.Rptr. 328].) The case was not tried on that theory; and no sufficient evidence is presented to support it.

In the event of a retrial, proof of record should be made of defendant's status as a parolee.

The judgment is reversed.

Brown (Gerald), P. J. and Ault, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 18, 1970.