[Crim. No. 18021. Second Dist., Div. Five. Apr. 27, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
CLEVELAND McPHERSON PIPKIN, Defendant and Appellant.

## COUNSEL

Marks, Sherman & London, Marks, Sherman, Schwartz & Levenberg and Burton Marks for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Maury W. Corn, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**STEPHENS, Acting P. J.**—By information in one count, defendant and a codefendant were charged with the crime of possession of cocaine, a violation of Health and Safety Code section 11500. Defendant pleaded not guilty. His motion under Penal Code section 1538.5 was denied. Defendant personally and all counsel waived trial by jury, and the court found defendant guilty as charged. Probation was denied, and defendant was sentenced to state prison for the term prescribed by law. Defendant appeals from the judgment.

Shortly prior to December 11, 1968, the federal grand jury at San Diego, California returned an indictment against defendant. There is no transcript of the secret proceedings which led to the indictment. On December 11, 1968, a federal warrant for the arrest of defendant was issued in the District Court for the Second District of California, based on the indictment (Cr. No. 4680).

On December 17, 1968, at about 4:30 a.m., in possession of the federal arrest warrant, Deputy Sheriffs Figueroa and Solerno, together with federal Customs Agent Watson and two or three other agents from the Customs Service, arrived at apartment #14 at 6003 Bryanhurst, Los Angeles, and Agent Watson knocked on the door. Approximately a minute later, defendant looked out the window adjacent to the door. Watson and Figueroa displayed their badges, pressing them against the window, and asked defendant to come to the door. Defendant opened the door, and was placed under arrest at that time. Defendant stated that he wished to go to the bathroom, and Deputies Figueroa and Solerno then accompanied him there. Deputy Figueroa noticed a dollar bill, a piece of brown paper with some loose powder on it, and three to five Number 3 white capsules containing a white, crystal-like powder, inside the toilet bowl, in the water. Deputy Solerno recovered these items from the toilet bowl. Deputy Figueroa noticed that both defendant and codefendant had white powder inside the

nasal passages. He was an officer with approximately three years' experience in the field of narcotics, and knew that one method in which cocaine was commonly used in Los Angeles County was to inhale it through the nose.

After placing defendant under arrest, Deputy Figueroa advised him of his rights,[1] after which, in response to questions, defendant stated he understood those rights; that he would give up his right to have an attorney present; and that the "stuff" recovered from the toilet bowl was cocaine.

In response to questions by the court, Deputy Figueroa also testified that while in the living room with defendant, before discovery of the contraband, he could not be certain whether anyone went between the bedroom and the bathroom, and that there was approximately a 30 seconds' delay between the time defendant appeared at the window and the time the door was opened.

An expert forensic chemist testified that he examined the items recovered from the toilet bowl and determined that the capsules contained cocaine, and that there were traces of cocaine on the dollar bill.

Defendant presented no evidence in his behalf.

Defendant contends that (1) the evidence was insufficient to support the conviction for unlawful possession of narcotics; and (2) the evidence was obtained as the result of an illegal search and seizure because the People failed to establish probable cause for the arrest warrant.

 We do not agree with defendant's contention that the evidence is insufficient to support the conviction. The role of the appellate court is not to determine the credence or the ultimate weight to be given the evidence. We do not have to be convinced beyond a reasonable doubt. We must assume the existence of every fact which the trier of fact could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict. (*People* v. *Bard,* 70 Cal.2d 3, 4-5 [73 Cal.Rptr. 547, 447 P.2d 939]; *People* v. *Redrick,* 55 Cal.2d 282, 284 [10 Cal.Rptr. 823, 359 P.2d 255]; *People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].) Here, the evidence of the white powder in the defendant's and codefendant's nostrils, the contraband floating in the toilet bowl, and the fact that defendant and codefendant were the only

[1]Defendant was advised that he had a right to remain silent; that he did not have to tell the officer anything if he did not wish; that he had a right to have an attorney present during all stages of the proceedings; and that if he did not have the funds to obtain private counsel, counsel would be appointed for him free of charge.

occupants of the apartment, plus the other evidence admitted at the trial, clearly support the trial court's conclusion.

 Defendant's other contention, that the evidence should have been excluded because probable cause was not established for the issuance of the federal arrest warrant, is without merit. The warrant was issued by the United States District Court based upon a valid indictment returned by a federal grand jury. The burden of establishing invalidity of a search warrant is on the defendant. (*Williams* v. *Justice Court,* 230 Cal.App.2d 87, 97 [40 Cal.Rptr. 724].) This burden was not met. The warrant was in full compliance with federal standards, and the arrest pursuant to that warrant was therefore valid. Since the indictment, the warrant, and the arrest were all valid, the discovery of the contraband was valid as incident to a lawful arrest. (*Chimel* v. *California,* 395 U.S. 752, 762-763 [23 L.Ed. 2d 685, 693-694, 89 S.Ct. 2034].) The trial court properly denied defendant's motion to suppress the evidence.

The judgment is affirmed.

Aiso, J., and Reppy, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 23, 1971. Peters, J., and Mosk, J., were of the opinion that the petition should be granted.