[Civ. No. 14943. Third Dist. Mar. 26, 1975.]

WILLIAM L. WOOD, Petitioner, v.
THE SUPERIOR COURT OF YOLO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Rudolf H. Binsch, Public Defender, and William S. Lebov, Deputy Public Defender for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Roger E. Venturi, Willard F. Jones and Daniel T. Dauenhauer, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**FRIEDMAN, Acting P. J.**—In this prohibition proceeding petitioner seeks to prevent his trial upon a charge of violating Penal Code section 4532, subdivision (a), escape from a county jail, one of four counts in the information filed by the district attorney. The writ will issue, for the undisputed evidence before the committing magistrate established no violation of the statute.

After the subtraction of language surplus to our needs, subdivision (a) of section 4532 provides: "Every prisoner arrested and booked for, charged with, or convicted of a misdemeanor, . . . who is confined in any county or city jail . . . or who is in the lawful custody of any officer or person, . . . and who thereafter escapes or attempts to escape from such county or city jail, . . . or from the custody of any officer or person in whose lawful custody he is, is guilty of a felony . . . ."

As the result of a barroom altercation, petitioner had been arrested, taken to the city police station and placed in a holding cell with five other persons. The cell was approximately 9 by 12 feet in size; three walls were of concrete and the fourth consisted of a fixed wire mesh screen with a swinging wire mesh door equipped with two locks, which had been locked after petitioner was placed in the cell. Because of the clamor of the persons in the holding cell, the officers moved into the squad room for booking instructions from a police sergeant. While he was delivering instructions, the sergeant saw petitioner running down the hall and out the front door. A one-block pursuit achieved petitioner's recapture.

Subdivision (a) of section 4532, dealing with the escape of prisoners held for misdemeanors, has its counterpart in subdivision (b), dealing with the escape of felony prisoners. The lengthy, complex history of these provisions was analyzed in *People* v. *Redmond* (1966) 246 Cal.App.2d 852 [55 Cal.Rptr. 195], which dealt with the "field" escape of an arrestee who had not yet been transported to jail. The court observed that the phrase *arrested and booked for* had been added to the statute by a 1961 amendment. It held that the 1961 amendment was designed to clarify the meaning of the word *prisoner,* by excluding one who had been arrested but not yet booked at the jail; that the term *charged* referred to a formal complaint, information or indictment. (246 Cal.App.2d at p. 861.) The court noted that in referring to a prisoner who had been *booked,* the 1961 amendment utilized a defined term.[1] Thus, the *Redmond* court concluded, section 4532 did not extend to the defendant, who had been arrested but not yet booked.

The *Redmond* decision received Supreme Court approval in *In re Culver* (1968) 69 Cal.2d 898 [73 Cal.Rptr. 393, 447 P.2d 633]. There too the court dealt with the field escape of an arrestee. The court pointed out that section 4532 refers to escapes by *prisoners.* The statutory history led the court to conclude that section 4532 covered escapes by prisoners after incarceration in jail or prison but not persons who had been arrested and not yet imprisoned. (69 Cal.2d at p. 901.) The *Culver* opinion approved the *Redmond* decision, observing that the 1961 amendment clarified section 4532 "[b]y fixing booking as the time at which an arrestee may commit a felony by escaping . . . ." (69 Cal.2d at p. 904.) The *Culver* opinion pointed out that other statutes (e.g., Pen. Code, §§ 148, 243,

---

[1]Penal Code, section 7, subdivision 21, declares: "To 'book' signifies the recordation of an arrest in official police records, and the taking by the police of fingerprints and photographs of the person arrested, or any of these acts following an arrest."

834a) cope with the problem of escapes from arresting officers. (69 Cal.2d at p. 905.)

Subsequently, *People* v. *Handley* (1970) 11 Cal.App.3d 277 [89 Cal.Rptr. 656], interpreted section 4532 as construed in the *Culver* decision. In *Handley* a defendant on bail had been convicted of a misdemeanor, sentenced to jail, told he was "in custody," and instructed to sit at a certain location in the courtroom. At that juncture he bolted from the courtroom. The court held that his action violated section 4532, subdivision (a), even though he had not yet been incarcerated. The court labeled the *incarceration* requirement of the *Culver* case as dictum, not binding on it.

Contrary to *Handley,* this court views the incarceration requirement of the *Culver* opinion as *ratio decidendi,* not dictum.

Subdivision (a) of section 4532, relative to the escape of one held for a misdemeanor, provides a lesser penalty than subdivision (b), which covers the escape of one held for a felony. Thus section 4532 is construed to require some preexisting expression of the criminal charge against the escapee, such as a complaint, indictment or information. *(People* v. *Handley, supra,* 11 Cal.App.3d at p. 281; *People* v. *Redmond, supra,* 246 Cal.App.2d at p. 861.)

■ This case differs from the field escapes considered in *Culver* and *Redmond.* Here the arrestee fled from the confines of the jail. Nevertheless, he was not a prisoner meeting any of the three specifications of section 4532. He had been arrested but not yet booked, thus did not meet the specification of one *arrested and booked for* a misdemeanor. At the time of his flight he had not been *charged* with a misdemeanor, nor had he been *convicted* of a misdemeanor. The uncontroverted evidence supplied no foundation for his commitment on the escape charge.

Let a peremptory writ of prohibition issue as prayed.

Regan, J., and Paras, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied May 22, 1975.