50 Cal.App.3d 592 (1975)
123 Cal. Rptr. 361
THE PEOPLE, Plaintiff and Respondent,
v.
JAMES RICHARD CHEATHAM, Defendant and Appellant.
Docket No. 2079.
Court of Appeals of California, Fifth District.
August 11, 1975.
*594 COUNSEL
Mark Franich, under appointment by the Court of Appeal, for Defendant and Appellant.
Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Marjory Winston Parker and Paul H. Dobson, Deputy Attorneys General, for Plaintiff and Respondent.
OPINION
BROWN (G.A.), P.J.
This appeal is from a judgment of conviction of escape while charged with a felony. (Pen. Code, § 4532, subd. (b).)
At the time of his escape, appellant had been formally charged with violations of Penal Code sections 593 and 484 (interference with electrical transmission lines and theft, respectively) by a complaint theretofore filed in a justice court and was arrested pursuant to a warrant issued on those charges. While he was in custody of an officer, and before he was booked, jailed or convicted, he escaped. The principal issue in this case is whether appellant can be legally convicted of a violation of Penal Code section 4532, subdivision (b), which in pertinent part provides: "Every prisoner arrested and booked for, charged with, or convicted of a felony who is confined in any county or city jail or prison or industrial farm or industrial road camp or who is engaged on any county road or other county work or who is in the lawful custody of any officer ... who escapes or attempts to escape ... is guilty of a felony...." Appellant contends that his departure from the custody of the officer is not proscribed by the statute. (People v. Harris (1961) 191 Cal. App.2d 754, 758 [12 Cal. Rptr. 916].)
(1) It is fundamental that in construing a statute the court "should ascertain the intent of the Legislature so as to effectuate the purpose of the law." (Select Base Materials v. Board of Equal. (1959) 51 Cal.2d 640, 645 [335 P.2d 672].) In ascertaining the will of the Legislature, "the court turns first to the words themselves for the answer," and "[i]f the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute ..." *595 (People v. Knowles (1950) 35 Cal.2d 175, 182-183 [217 P.2d 1]; see also Code Civ. Proc., § 1858; In re Miller (1947) 31 Cal.2d 191, 198-199 [187 P.2d 722]; Skivers v. State of California (1970) 13 Cal. App.3d 652, 655 [91 Cal. Rptr. 707].) (2) In giving effect to this canon of literal construction, statutes must be interpreted "according to the usual, ordinary import of the language employed in framing them" (In re Alpine (1928) 203 Cal. 731, 737 [265 P. 947, 58 A.L.R. 1500]; see also Chavez v. Sargent (1959) 52 Cal.2d 162, 203 [339 P.2d 801] (overruled on other grounds in Petri Cleaners, Inc. v. Automotive Employees, etc., Local No. 88 (1960) 53 Cal.2d 455, 475 [2 Cal. Rptr. 470, 349 P.2d 76])), and "[w]henever possible, effect should be given to the statute as a whole, and to its every word and clause, so that no part or provision will be useless or meaningless.... It will be presumed that every word, phrase, and provision was intended to have some meaning and perform some useful office, and a construction implying that words were used in vain, or that they are surplusage, will be avoided." (45 Cal.Jur.2d. Statutes. § 117. pp. 626-627; see also Code Civ. Proc., § 1858; People v. Gilbert (1969) 1 Cal.3d 475, 480 [82 Cal. Rptr. 724, 462 P.2d 580]; Select Base Materials v. Board of Equal., supra, 51 Cal.2d at p. 645.)
In applying these general principles to the language of the statute, it unambiguously appears that there are three methods with which to bring a person within the definition of a "prisoner."[1] They are (1) a defendant who is both arrested and booked for a felony; (2) a defendant who at the time of his flight has been charged with[2] a felony; and (3) a defendant who at the time of his flight had been convicted of a felony.
If, in addition, the prisoner "is in the lawful custody of any officer" and "escapes ... from the custody of any officer or person in whose lawful custody he is," the statute applies. (Pen. Code, § 4532, subd. (b); see People v. Francisco (1964) 228 Cal. App.2d 355, 358 [39 Cal. Rptr. 503].)
(3) Accordingly, to give full effect to every word of section 4532, subdivision (b), as intended by the Legislature, that statute must be *596 construed to include within the definition of a "prisoner" an escapee against whom formal charges have been filed (a complaint, indictment or information) and who has been taken into lawful custody related to the felony of which the person charged with the escape had been accused by a formal process. (Witkin, Cal. Crimes (1973 Supp.) Crimes Against Governmental Authority, § 861, p. 401; see also People v. Armenta (1970) 11 Cal. App.3d 601, 604-605 [89 Cal. Rptr. 886].)
The fact that such a defendant has not been booked, incarcerated or convicted does not remove him from the proscription of the statute. To hold otherwise would be to violate the canons of construction we have reviewed; particularly, it would be avoiding the plain meaning of the language of the statute and render meaningless and useless the phrase "charged with" by ignoring its presence.
Appellant relies upon In re Culver (1968) 69 Cal.2d 898 [73 Cal. Rptr. 393, 447 P.2d 633] as mandating a different result. In that case there was an in-the-field arrest without a warrant, based upon a report of an assault or a battery committed by a person answering appellant's description. Defendant Culver escaped from the officer's custody shortly after he was arrested and before he was booked or jailed. No charges had been filed against him at the time of his arrest or escape. The statutory phrase "arrested and booked for" was not in the statute at the time, having been added in 1961 in order to statutorily exclude one who had been arrested but not yet booked at the jail. (People v. Redmond, supra, 246 Cal. App.2d at p. 861.)
In Culver, the court held that Culver's conduct was not proscribed by the statute. There is language in the decision which appears to equate the word "prisoner" as used in Penal Code section 4532 with incarceration and which appears to require incarceration before there can be an escape under that section. (See 69 Cal.2d at pp. 901-904.) This court does not regard that case as controlling precedent under the facts of the case at bench. First, there is an important factual distinction. In Culver, the defendant had not been formally charged at the moment of his escape. As has been recited in this case, the appellant here had been "charged with" certain felonies, thus bringing his situation squarely within the phraseology of section 4532, subdivision (b).
Secondly, the language referred to was not necessary to the decision in Culver because Culver was neither "charged with" nor "convicted of a crime." Accordingly, Culver fell outside the provisions of the section as it *597 then read and could not have been convicted of a violation of the section according to its literal language. Thus the referred to language of the opinion equating "prisoner" with incarceration was clearly dicta. (See People v. Handley, supra, 11 Cal. App.3d at pp. 282-283.) "... `Expression of dictum is not binding on a court inferior to that which rendered the decision....' [Citation.]" (Ball v. Rodgers (1960) 187 Cal. App.2d 442, 450 [9 Cal. Rptr. 666]; Cox v. Tyrone Power Enterprises (1942) 49 Cal. App.2d 383, 397 [121 P.2d 829].) The actual gist of the holding in Culver is that the words "charged with" do not merely mean "arrested for."
Finally, the arrest of a defendant pursuant to a warrant issued on a charge represented by a previously filed complaint avoids the evil of "uncertainty" inherent in the character of preincarceration custody effected by a field arrest without a charge and warrant, with which the Supreme Court was concerned in Culver. (See 69 Cal.2d at pp. 904-905.)
As was the case in In re Culver, supra, and People v. Redmond, supra, none of the cases subsequently interpreting Penal Code section 4532 brings into play factually the phrase "charged with." (See People v. Redmond, supra, 246 Cal. App.2d 852  field arrest without a prior charge or warrant; People v. Handley, supra, 11 Cal. App.3d 277  defendant had been convicted and sentenced and escaped from the courtroom; People v. Armenta (1970) 11 Cal. App.3d 601 [89 Cal. Rptr. 886]  field arrest of a parolee for violation of parole without prior charge; Wood v. Superior Court (1975) 46 Cal. App.3d 564 [120 Cal. Rptr. 214]  field arrest without a formal charge and escape before booked and while awaiting booking at a holding cell.)
If we are to be obedient to the canons of interpretation, the conclusion would appear plain and inescapable that the appellant, who had been arrested pursuant to a formal charge and warrant and who was in custody of an officer when he escaped, was engaged in conduct which was proscribed by the plain meaning of the language of Penal Code section 4532, subdivision (b).
Appellant also urges that he was not in "lawful custody" (Pen. Code. § 4532, subd. (b)) because the arrest warrant was invalidly issued. The argument is based on averments that (1) the complaint was filed after the arrest warrant was issued and (2) that there is nothing on the face of the complaint or arrest warrant to show that the district attorney or Attorney General concurred in the filing of the complaint and issuance of the *598 warrant, such concurrence being required by Penal Code sections 806 and 813.
While appellant is correct in his assertion that the complaint must be filed before the issuance of the warrant, his argument is not factually supported by the record. The complaint herein was executed and filed in the Justice Court of the Pixley Judicial District, County of Tulare, on February 13, 1974, the arrest warrant was issued on February 14, 1974, and appellant was arrested on February 20, 1974. On March 5, 1974, appellant was held to answer by the justice court and ordered to appear in the Superior Court of Tulare County on March 8. The complaint, the order binding appellant over, and the arrest warrant were filed in the Superior Court of Tulare County on March 7, 1974. Thus, the complaint in the justice court was filed before the issuance of the warrant. The date of March 7, 1974 (appellant mistakenly states Mar. 5, 1974) was the date of filing in the superior court, not the justice court.
Penal Code sections 806 and 813 do require that complaints charging a felony and the warrant for the arrest of a person charged with a felony filed in and issued by a justice court judge have "the concurrence of the district attorney ... or the Attorney General...." It is also true that nothing in the record before us nor on the face of the complaint or warrant affirmatively sets forth such concurrence herein, nor was there any proof by the appellant that the required concurrence was not obtained. However, the sections do not require that such concurrence be evidenced on the face of either document.
Evidence Code section 664 provides: "It is presumed that official duty has been regularly performed. This presumption does not apply on an issue as to the lawfulness of an arrest if it is found or otherwise established that the arrest was made without a warrant." Here, the arrest was made pursuant to a warrant apparently valid on its face, and the burden was upon the appellant to prove the arrest was unlawful, the presumption being that the required concurrence had been obtained. (See People v. Coleman (1975) 13 Cal.3d 867, 890, fn. 20 [120 Cal. Rptr. 384, 533 P.2d 1024]; People v. Brisendine (1975) 13 Cal.3d 528, 534, fn. 4 [119 Cal. Rptr. 315, 531 P.2d 1099]; Guidi v. Superior Court (1973) 10 Cal.3d 1, 15, fn. 15 [109 Cal. Rptr. 684, 513 P.2d 908]; People v. Pipkin (1971) 17 Cal. App.3d 190, 194 [94 Cal. Rptr. 595].) Since the appellant *599 presented no evidence overcoming the presumption, his contention must fail.
The judgment is affirmed.
Franson, J., and Thompson, J.,[*] concurred.
NOTES
[1] The word "prisoner" has been defined both by legal and lay lexicographers as a person in custody (whether in prison or not) who is involuntarily deprived of his liberty by virtue of judicial or other lawful process. (See People v. Handley (1970) 11 Cal. App.3d 277, 283 [89 Cal. Rptr. 656]; Black's Law Dict. (4th ed. 1968) p. 1358; Webster's New World Dict. (2d College ed. 1972) p. 1131.)
[2] The word "charged" as used in the statute was judicially construed in People v. Redmond (1966) 246 Cal. App.2d 852, 861 [55 Cal. Rptr. 195], as meaning a formal complaint, information or indictment filed against the defendant.
[*] Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.