[Crim. No. 20606. Nov. 29, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
DARLENE DIAZ, Defendant and Appellant.

**COUNSEL**

Quin A. Denvir and Paul Halvonik, State Public Defenders, Gary S. Goodpaster, Chief Assistant State Public Defender, Laurance S. Smith, Ted W. Isles and Roy M. Dahlberg, Deputy State Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Eddie T. Keller and Charles J. James, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**RICHARDSON, J.**—Defendant Darlene Diaz appeals from a judgment (order granting probation) entered after a jury found her guilty of aiding

and abetting an escape by a prisoner (Pen. Code, § 4532, subd. (b)) and conspiracy to commit an escape by a prisoner (*id.,* § 182). (All statutory references are to the Penal Code unless otherwise noted.) As will appear, we have concluded that the judgment must be reversed for the reason that the person defendant assisted to escape from police officers was not a "prisoner" within the meaning of the term as used in section 4532, subdivision (b).

On April 16, 1977, defendant was a passenger in a vehicle driven by James Evans when it was stopped for a traffic violation by Officer Lilygren near the City of Orland. Lilygren was aware of an outstanding felony warrant for Evans' arrest. Upon recognizing Evans, Lilygren advised him that he was under arrest and instructed him to exit the vehicle and place his hands on its hood. The officer asked Evans to step farther away from the vehicle so that he could better conduct a weapons search, but Evans refused to comply. When Lilygren attempted physically to move Evans back, Evans spun around and shoved him. Lilygren then tried to apply handcuffs and again was pushed. In the meantime, defendant exited the vehicle and approached Lilygren, but complied with his order to "back off and stay out of it." When Evans then "cocked back" his fist as if to strike him, Lilygren retreated to his patrol unit and radioed for assistance. At this time, defendant twice shouted, "Roger, help Jimmy," to the occupant of another vehicle which had stopped in the vicinity. Defendant then returned to Evans' vehicle and stated: "Come on, Jimmy, let's get out of here." Evans then entered the vehicle and drove off at high speed with defendant sitting in the front passenger seat. Defendant and Evans were eventually apprehended after attempting to run a roadblock.

Defendant's principal argument on appeal is that on the foregoing facts she was improperly convicted of aiding and abetting a prisoner to escape, and of conspiring to commit that offense. She does not dispute the fact that if Evans was a "prisoner" and if she aided and abetted his escape, she is equally guilty as a principal. (§ 31.) A disposition of her contention depends upon an appropriate interpretation of section 4532, subdivision (b), which provides in pertinent part: "Every *prisoner* arrested and booked for, charged with, or convicted of a felony who is confined in any county or city jail or prison . . . or who is in the lawful custody of any officer or person, . . . who escapes or attempts to escape from such county or city jail [or] prison . . . or from the custody of any officer or person in whose lawful custody he is, . . . is guilty of a felony . . . ." (Italics added.) (Subdivision (a) of section 4532, in substantially identical language, proscribes escapes, or attempted escapes, by *misdemeanor* offenders.)

■ Although Evans was neither booked for, nor convicted of, a felony at the time of his arrest by, and escape from, Officer Lilygren, the record before us confirms that he had been "charged with" robbery by the prior filing of a complaint and issuance of an arrest warrant. Therefore, if Evans at the time of the incident reasonably may be considered to have been a "prisoner," the provisions of section 4532, subdivision (b), would apply to him. Our prior analysis of this section, however, suggests that the term "prisoner" denotes one who is booked, incarcerated or is in the custody of a person to whom he has been entrusted while temporarily outside the place of confinement. (*In re Culver* (1968) 69 Cal.2d 898, 900-905 [73 Cal.Rptr. 393, 447 P.2d 633].) In *Culver*, defendant had been arrested after officers received a report that he had struck another person. At the time of his escape from the arresting officers defendant had neither been booked nor convicted of the offense, and no formal charges had yet been filed against him. Accordingly, we ruled that section 4532, subdivision (b), as then written, was inapplicable. (The subdivision at that time applied to "Every prisoner charged with or convicted of a felony . . . who escapes . . . from the custody of any officer . . . in whose lawful custody he is . . . .")

Although we could have based our *Culver* decision solely upon the fact that defendant had been neither formally charged with nor convicted of a felony, instead we focused upon the term "prisoner" in subdivision (b) of section 4532. We first observed that the legislative history of that section indicated that it "applies only to persons incarcerated in jails and other institutions of confinement who escape therefrom or such persons who escape from the custody of those to whom they have been entrusted while temporarily outside such places of confinement." (P. 900.) We pointed out that although the literal language of the section "might be construed to apply to an arrestee's flight from the arresting officer," legislative history made it clear that the use of the term "prisoner" was intended as limiting the section either to those incarcerated in prison or "to prisoners incarcerated in facilities other than prisons or who might be temporarily in custody outside the walls of a custodial facility . . . ." (P. 901.) We concluded, accordingly, that "the statute does not apply until an arrestee has been booked preparatory to incarceration in a jail or other place of confinement *and thereby becomes a prisoner within its meaning.*" (P. 904, italics added; see also *Wood* v. *Superior Court* (1975) 46 Cal.App.3d 564 [120 Cal.Rptr. 214].)

The People rely upon two appellate cases subsequent to *Culver* which challenge its interpretation of the term "prisoner" as it appears in section

4532. First, in *People v. Handley* (1970) 11 Cal.App.3d 277 [89 Cal.Rptr. 656], the court stated that since the defendant in *Culver* was neither charged with nor convicted of a crime, our language in *Culver* equating "prisoner" with persons who have been incarcerated "was not necessary to the decision" and constituted mere "dicta" which would not bind the lower courts. (P. 282.) Accordingly, the *Handley* court ruled that section 4532, subdivision (a) (escapes by misdemeanor offenders), was properly applicable to one who, prior to incarceration, fled from a courthouse upon being sentenced to jail. The court reasoned that the term "prisoner" could be interpreted as one who was deprived of his liberty by virtue of a judicial or other process. Because the defendant in *Handley* had been advised, following sentencing, that he was "in custody" and had been ordered to sit in an area of the courtroom reserved for persons in custody, the court concluded that defendant was a "prisoner" within the meaning of section 4532.

Similarly, in *People v. Cheatham* (1975) 50 Cal.App.3d 592 [123 Cal.Rptr. 361], the court applied section 4532, subdivision (b), to a person who, like defendant herein, had been formally charged with a felony and was arrested on those charges, but who escaped from custody before he was either booked or jailed. Relying on *Handley, supra,* the court concluded that "The actual gist of the holding in *Culver* is that the words 'charged with' do not merely mean 'arrested for.' " (P. 597.) Under *Cheatham*'s interpretation of section 4532, a person becomes a "prisoner" once he has been charged with an offense (by the filing of a formal complaint, information or indictment), whether or not he has been booked, incarcerated or convicted of that offense. (P. 597.) As the court stated, "To hold otherwise would be to violate the canons of construction we have reviewed; particularly, it would be avoiding the plain meaning of the language of the statute and render meaningless and useless the phrase 'charged with' by ignoring its presence." (P. 596.)

We conclude, nonetheless, consistent with our discussion in *Culver* previously noted, that in using the term "prisoner" the Legislature intended to connote a person who has been booked, incarcerated at the time of his escape, or previously so incarcerated and temporarily in custody outside the confinement facility. Contrary to the *Cheatham* analysis, such an interpretation neither ignores nor renders meaningless the words "charged with" in section 4532. Such words reasonably may have been intended to apply to a person who had escaped from a prison, jail or other confinement facility following the filing of formal charges, but prior to conviction. It was not until 1961 that section 4532 was

amended to add to both subdivisions (a) and (b) the words "arrested and booked for" to clarify the previous "charged with" language and to assure "some formality beyond arrest before a defendant may be deemed 'charged' within the meaning of section 4532." (*People* v. *Redmond* (1966) 246 Cal.App.2d 852, 861, fn. omitted [55 Cal.Rptr. 195].)

In addition, we find some significance in the very placement of section 4532 within the Penal Code. The section appears in a title of the code denominated "Offenses Relating to Prisons and Prisoners" (tit. 5). The description of the various chapters in this title reveal, we think, something about the intended meaning of the term "prisoner." The chapters are denominated: (1) "Offenses by Prisoners," (2) "Escapes and Rescues" (containing § 4532), (3) "Unauthorized Communications with Prisons and Prisoners," (4) "Demolishing Prisons and Jails," and (5) "Trials of Prisoners." Without exception, these various sections pertain to persons who have been incarcerated or confined in a correctional facility of one kind or another, reinforcing perhaps to some degree our conclusion as to the proper interpretation of the term "prisoner." (See also *Culver, supra,* at p. 903.)

As we explained in *Culver,* our construction of section 4532 does not immunize from other criminal sanctions those, not classified as "prisoners," who escape from arresting officers. There are several provisions proscribing resisting arrest and obstruction of justice. (See, e.g., §§ 148, 243, 834a; *Culver, supra,* at p. 905; *Redmond, supra,* at pp. 862-863.) In addition, with respect to defendant in the present case, we observe that all persons who aid another in avoiding or escaping a felony arrest knowing of the fact, charge, or conviction of the felony are deemed accessories to that felony. (§ 32.)

To the extent that they are inconsistent with our opinion herein, *People* v. *Handley, supra,* and *People* v. *Cheatham, supra,* are disapproved.

The judgment is reversed.

Bird, C. J., Tobriner, J., Mosk, J., Clark, J., Manuel, J., and Newman, J., concurred.