**Michael Davis TAYLOR,**
**Petitioner–Appellee,**

v.

**J.S. STAINER, Warden, Respondent–**
**Appellant.**

**No. 93–55104.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 4, 1994.*

Decided Aug. 3, 1994.

Richard L. Walker, Deputy Atty. Gen., Los Angeles, CA, for respondent-appellant.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Michael Davis Taylor, pro se petitioner-appellee.

Before: KOZINSKI and TROTT, Circuit Judges, and WILLIAMS,** District Judge.

TROTT, Circuit Judge:

The Attorney General of California appeals the district court's grant of habeas corpus to Michael Taylor. Taylor was convicted of first-degree murder based solely on a fingerprint of his that police found on the victim's windowsill and the inferences drawn from that print. The district court concluded that this fingerprint was not sufficient evidence to support the conviction and granted Taylor's petition. We have jurisdiction under 28 U.S.C. § 2253, and we reverse.

I

In December 1978, police found Mildred Jackson's body on the bedroom floor of her apartment. The medical examiner determined she died from head wounds sustained from a beating with a blunt or flat object. The police believed the killer had entered the apartment through an open kitchen window that was determined to be the "point of entry" in connection with the crime. The window's latch was broken and the screen was bent. All other windows were closed and the doors were locked. Ms. Jackson's television set was missing, and her bedroom had been ransacked.

The police collected a fingerprint from the bottom interior edge of the open window's windowsill and another from a cup in the bedroom. A fingerprint expert concluded the print under the windowsill could have been left by a person reaching over the sill from outside the window or by a person reaching under the sill from inside the apartment. Ten years after the murder, in 1988, the Los Angeles Police Department began using a new computer system for identifying fingerprints, and the police matched the print

from the windowsill with Taylor's prints. The print from the cup did not match either Taylor or Ms. Jackson. No evidence, other than the fingerprint, connected Taylor to the crime.

Taylor was charged with felony murder based on a burglary homicide, and the jury convicted him of first-degree murder. He was sentenced to life in prison. After exhausting his remedies in California state court, he petitioned for habeas relief in district court. The district court, relying on this court's opinion in *Mikes v. Borg*, 947 F.2d 353 (9th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 3055, 120 L.Ed.2d 921 (1992), concluded that "the record does not contain sufficient evidence to permit the rational factfinder to determine when Mr. Taylor's print was impressed ... [or] that the windowsill was inaccessible to Mr. Taylor before the crime." The court, therefore, held that Taylor's conviction violated due process and granted his petition for habeas corpus. We granted the government's motion for a stay of the district court's judgment pending resolution of this appeal.

II

We review de novo the district court's grant of habeas corpus. *Adams v. Peterson*, 968 F.2d 835, 843 (9th Cir.1992) (en banc), *cert. denied*, —— U.S. ——, 113 S.Ct. 1818, 123 L.Ed.2d 448 (1993). "To the extent it is necessary to review findings of fact, the clearly erroneous standard applies." *Thomas v. Brewer*, 923 F.2d 1361, 1364 (9th Cir. 1991).

■ We must decide "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781–2789, 61 L.Ed.2d 560 (1979) (emphasis in original); *McMillan v. Gomez*, 19 F.3d 465, 469 (9th Cir.1994). When determining the sufficiency of the evidence, we must keep in mind that "the prosecution

need not affirmatively 'rule out every hypothesis except that of guilt,' and that a reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *Wright v. West,* — U.S. —, —— ——, 112 S.Ct. 2482, 2492–93, 120 L.Ed.2d 225 (1992) (quoting *Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789) (citations omitted).

In finding the fingerprint evidence against Taylor insufficient, the district court concluded this case was governed by *Mikes v. Borg,* 947 F.2d 353 (9th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 3055, 120 L.Ed.2d 921 (1992), a murder case posing a similar sufficiency question. The victim in *Mikes* was killed with a detached turnstile post that the police recovered from the scene of the crime. Some, but not all, of the fingerprints taken from this post, and from another similar post in the victim's basement, belonged to Mikes. These prints were the only evidence linking Mikes to the crime.

■ In *Mikes,* we articulated the requirements for a fingerprint-only case:

> We have held that fingerprint evidence alone may under certain circumstances support a conviction. However, in fingerprint-only cases in which the prosecution's theory is based on the premise that the defendant handled certain objects *while committing the crime in question,* the record must contain sufficient evidence from which the trier of fact could reasonably infer that the fingerprints were in fact impressed at that time and not at some earlier date. In order to meet this standard the prosecution must present evidence sufficient to permit the jury to conclude that the objects on which the fingerprints appear were inaccessible to the defendant prior to the time of the commission of the crime.

*Id.* at 356–57 (emphasis in original) (citations omitted).

■ We then focused on the fact that the detached posts had only been in the victim's basement for four months, prior to which they had been on display in a store and had possibly even been used as part of an operating turnstile unit. We concluded the "evidence in the record is wholly insufficient to preclude the reasonable possibility that Mikes' fingerprints were placed on the posts during the period prior to [the victim's] acquisition of them." *Id.* at 358–59. We added that "the defendant need not explain how or when his fingerprints were placed on the object in question; that burden lies elsewhere." *Id.* at 359.

In the present case, the district court determined the evidence was insufficient to permit the factfinder to conclude that the windowsill was inaccessible to Taylor prior to the crime. The court observed:

> Three reasonable inferences remain that point to his innocence. He could have impressed the print earlier as an invited guest in the apartment. He could have left the print earlier while doing paid work on the windowsill. He could have left the print earlier while engaged in criminal activity. The burden for rebutting these inferences lies with the People. This burden the People have not met.

ER at 8. The State argues these "inferences" are pure speculation by the district court and points out that no evidence supports any of them.

We conclude the district court's reliance on *Mikes* is misplaced because the facts in that case are distinguishable from those before us today. The turnstile and the posts in *Mikes* had been in a store—a public place where anyone could have had access to them. The inside of Ms. Jackson's windowsill was not in a public place, and Taylor would not have had access to it absent some unusual circumstance. Moreover, the print was found precisely at the point of entry for this burglary-murder, and the location of the print under the sill strongly suggests it was left by someone crawling through the window. Thus, *Mikes* does not control here. To hold that the evidence against Taylor was insufficient, we would have to extend *Mikes* to cover fingerprints that are found in places or on objects that were never accessible to the general public and that can be explained in a

manner consistent with innocence only through far-fetched, unsupported speculation. This we decline to do.

We relied, in *Mikes,* on a number of cases from other circuits holding fingerprint evidence insufficient to support convictions. However, these cases provide little support for Taylor's argument, because in each of them, the object on which the print was found was accessible to the public at some time prior to the crime. *See United States v. Van Fossen,* 460 F.2d 38 (4th Cir.1972) (defendant's prints on a photographic plate used to counterfeit money were insufficient to support a conviction because the plate had been publicly available in a photography shop); *United States v. Collon,* 426 F.2d 939 (6th Cir.1970) (Defendant's fingerprints found on map in getaway car were insufficient to link the defendant to the crime because "[t]he map could have been innocently handled by him months before the robbery and found its way into the car in any number of ways without his participation or knowledge."); *Borum v. United States,* ·380 F.2d 595 (D.C.Cir.1967) (fingerprints on two jars whose contents had been removed by burglars were insufficient to support a conviction because there was no evidence about when the victim bought the jars and where the jars had been before he bought them).

The case whose facts are closest to those currently before us is *Government of the Virgin Islands v. Edwards,* 903 F.2d 267 (3rd Cir.1990). In *Edwards,* police found the defendant's prints on windows that were washed at least once a month and were located in the back of a building at the end of a dead end road. The Third Circuit concluded these prints were sufficient to support a burglary conviction even though the defendant conceivably could have left the prints while trespassing in the victim's backyard at some time prior to the burglary. *Id.* at 271. The court stated, "Although it is true that Edwards could have left the prints on the outside of the glass while just trespassing in the backyard, evidence need not be inconsistent with every conclusion save that of guilt, provided it does establish a case from which the jury can find the defendant guilty beyond a reasonable doubt." *Edwards,* 903 F.2d at 271 (internal quotations omitted). We are persuaded by the Third Circuit's reasoning that fingerprint evidence should be able to support a conviction even when it is theoretically possible that the defendant left his prints but did not commit the crime.

After examining the relevant case law and the record below (including photographs of the outside and inside of the "point of entry" window where Taylor's print was found), we conclude that the fingerprint evidence against Taylor was sufficient to support his murder conviction. As in *Edwards,* it is virtually inconceivable that Taylor could have left his print on Ms. Jackson's windowsill under any circumstance other than the burglary-murder for which he was convicted. Furthermore, the print was consistent with someone reaching over the windowsill from the outside, which, the police concluded, is how the murderer entered the apartment.

The government is only required to rule out any hypotheses of innocence that are sufficient to create reasonable doubt. The district court, in this case, suggested three hypotheses the government failed to rebut. Each of these could conceivably create some doubt as to Taylor's guilt. Yet, there is no evidence supporting any of these hypotheses. In order to grant the habeas petition, we must find, after considering the evidence in the light most favorable to the government, that *no* rational jury could have found guilt beyond a *reasonable doubt.* The existence of some small doubt based on an unsupported yet unrebutted hypothesis of innocence is not sufficient to invalidate an otherwise legitimate conviction. As the future Chief Justice Burger stated in his dissent in *Borum,* the district court "seems to assume that the prosecution's case must answer *all* questions and remove *all* doubts, which, of course, is not the law because that would be impossible; the proof need only satisfy reasonable doubt." 380 F.2d at 599 (Burger, J., dissenting). The jury in this case had sufficient evidence from which to find Taylor guilty beyond a reasonable doubt.

The district court's decision is reversed— Taylor's habeas corpus petition is DENIED.