48 F.3d 1227
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robert Lee EMERY, Jr., Petitioner-Appellant,
v.
B. MERKEL, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 94-16785.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 23, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert L. Emery Jr., a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition challenging his conviction for burglary, robbery, and false imprisonment. Emery contends that there was insufficient evidence to support his conviction. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo the district court's denial of a habeas corpus petition. Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993). We affirm.
 
 
 3
 Emery contends that the government failed to present sufficient evidence to sustain his conviction because it was based solely on fingerprint evidence. Specifically, he contends that reliance on this evidence alone to identify him as the person who committed the offense violates his right to due process. This contention lacks merit.
 
 
 4
 A state court conviction will be sustained if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. Wright v. West, 112 S.Ct. 2482, 2492 (1992); Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 5
 Fingerprint evidence alone may support a conviction under certain circumstances. Mikes v. Borg, 947 F.2d 353, 356 (9th Cir.1991), cert. denied, 112 S.Ct. 3055 (1992). "[When] the prosecution's theory is based on the premise that the defendant handled certain objects while committing the crime in question, the record must contain sufficient evidence from which the trier of fact could reasonably infer that the fingerprints were in fact impressed at that time and not at some earlier date." Id. at 356-57 (citations omitted); accord Taylor v. Stainer, 31 F.3d 907, 909 (9th Cir.1994).
 
 
 6
 Here, the government presented sufficient evidence from which a reasonable jury could find that Emery was the intruder who broke into Mary Serr's home on September 9, 1991, tied her up, robbed and assaulted her. Ms. Serr testified that she was unable to identify her assailant because he had tied a shirt around her face and she could not see him. Because Ms. Serr was also unable to identify Emery's voice in a voice identification lineup, the government relied largely on fingerprint evidence to link Emery to the offense.
 
 
 7
 Deputy Sheriff Edward Viohl testified that he found a latent palm print matching Emery's on the windowsill which police determined was the intruder's point of entry. Viohl testified that this print was facing inside the house, and that the smudges around the knuckle area were consistent with someone pushing down with their weight. In addition, Viohl identified trace amounts of fabric on the windowsill which would suggest that the person's clothing brushed against the sill while climbing in the window. Ms. Serr testified that she did not know Emery and that she had never invited him to come into her home. Ms. Serr further testified that her cleaning lady, who regularly dusts her windowsills, had cleaned her house two days before the incident.
 
 
 8
 It is "virtually inconceivable" that Emery left his print on Ms. Serr's windowsill on an occasion other than the assault for which he was convicted. See Taylor, 31 F.3d at 910. Therefore, evidence of Emery's palm print on the windowsill through which the intruder gained entrance, and for which no innocent explanation was offered, is sufficient to support Emery's conviction. See id. at 909-910 (sufficient evidence where defendant's fingerprints were found on the inside of the victim's windowsill and defendant presented no evidence that he had occasion to innocently touch it in the past); cf. Mikes v. Borg, 947 F.2d at 358-59 (where weapon was kept in an accessible public place, the government could not prove beyond a reasonable doubt that defendant left fingerprints on it while committing the offense).
 
 
 9
 Thus, Emery's palm print on the windowsill was sufficient to allow a rational trier of fact to find beyond a reasonable doubt that Emery was the assailant. See Taylor, 31 F.3d at 910. Accordingly, Emery's convictions for robbery, burglary and false imprisonment are supported by the evidence. See id.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3