127 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Manuel Guevara, Petitioner-Appellant,
v.
D.R. HILL, Warden Attorney General of the State of
California, Respondents-Appellees.
 No. 96-56497.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 22, 1997.**
Decided Oct. 24, 1997.
 
 Appeal from the United States District Court for the Central District of California William Matthew Byrne, Jr., Chief Judge, Presiding
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner Manuel Guevara appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his 1991 jury conviction for burglary. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied 116 S.Ct. 1549 (1996), and we affirm.
 
 I. Improper Sentencing
 
 3
 Guevara contends that his due process rights were violated when the trial court imposed a more severe sentence when Guevara rejected a plea offer and exercised his right to a jury trial. This contention lacks merit.
 
 
 4
 "A trial court is not restricted in its sentencing to the terms of a rejected plea offer." Jeffers v. Lewis, 38 F.3d 411, 418 (9th Cir.1994). Although a criminal defendant "may not be subjected to more severe punishment for exercising his constitutional right to stand trial, the mere imposition of a heavier sentence after a defendant voluntarily rejects a plea bargain does not, without more, invalidate the sentence." United States v. Morris, 827 F.2d 1348, 1352 (9th Cir.1987) (citations and quotations omitted). However, where the record contains statements that give rise to an inference of vindictive sentencing, the record must affirmatively show that no improper weight was given to the failure to plead guilty. See id.
 
 
 5
 Here, there is nothing in the record giving rise to an inference of vindictive sentencing. See id.; Jeffers, 38 F.3d at 418. Accordingly, the district court did not err by denying this claim. See Duckett, 67 F.3d at 739.
 
 II. Ineffective Assistance of Counsel
 
 6
 Guevara contends that his defense counsel was ineffective because he failed to (1) use a private investigator to view the crime scene and locate Guevara's friends that had lived there; (2) call additional alibi witnesses; and (3) request an alternative jury instruction.
 
 
 7
 To prevail on a claim of ineffective assistance, a petitioner must show both that his counsel's performance was deficient and that this prejudiced his case. Strickland v. Washington, 466 U.S. 668, 688 (1984). "If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong." Id. at 697.
 
 
 8
 First, regarding Guevara's claim that his counsel should have used a private investigator, Guevara fails to explain how an investigator would have assisted in Guevara's defense. See Ceja v. Stewart, 97 F.3d 1246, 1255 (9th Cir.1996), petition for cert. filed, (U.S. Sept. 10, 1997) (No. 97-5969). Moreover, Guevara fails to specify the identity of any of his "friends," what their allegedly favorable testimony would have been, and how their testimony would have assisted in his defense. See id.
 
 
 9
 Second, regarding Guevara's claim that counsel failed to call additional alibi witnesses, the record shows that the witnesses could not account for Guevara's whereabouts for the entire time in question. Moreover, the testimony would have been cumulative. Cf. United States v. Schaflander, 743 F.2d 714, 718 (9th Cir.1984) (no prejudice when testimony is cumulative). Thus, counsel's decision not to call the witnesses was a reasonable tactical decision. See United States v. Harden, 846 F.2d 1229, 1231-32 9th Cir.1988) (decision whether to call witnesses is matter of trial strategy).
 
 
 10
 Finally, regarding Guevara's claim that counsel failed to request alternative instructions on vandalism and trespass, Guevara has failed to demonstrate that counsel's performance was deficient. "Defense counsel need not request instructions inconsistent with its trial theory." Butcher v. Marquez, 758 F.2d 373, 377 (9th Cir.1985). Counsel chose to present the defense that Guevara did not commit the crime. Instructions on vandalism and trespass would have been inconsistent with the defense. See id.[1]
 
 III. Sufficiency of the Evidence
 
 11
 Guevara contends that the evidence was insufficient to sustain a burglary conviction. We disagree.
 
 
 12
 The relevant inquiry in evaluating the sufficiency of the evidence to support a conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." See Taylor v. Strainer, 31 F.3d 907, 908 (9th Cir.1994) (quoting Jackson v. Virginia, 443 U.S. 307, 313-24 (1979)). A reviewing court need not ask itself whether it believes that the evidence at trial established guilt beyond a reasonable doubt. See Jackson, 443 U.S. at 313-24.
 
 
 13
 Here, there was evidence that the burglary victim had left her apartment with the doors and windows closed and locked, Guevara had handled both sides of the glass which had been removed from the victim's window, and that the glass had been cleaned a day or two before the burglary. Viewing this evidence in the light most favorable to the prosecution, any rational fact-finder could have found Guevara guilty because Guevara had touched both sides of the window pane which could not have been accessible to him prior to the commission of the crime. See Taylor, 31 F.3d at 909-10.
 
 
 14
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without: oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent Guevara contends counsel was ineffective by mistakenly referring to a finger print card on file with the Los Angeles Police Department, we decline to address this issue because it is raised for the first time on appeal. See Morgan v. Bunnell, 24 F.3d 49, 52 (9th Cir.1994) (per curiam) (holding that this court does not address issues not raised in the habeas petition)