131 F.3d 146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry DEMATO, Petitioner-Appellant,
v.
James GOMEZ, Director of the California Dept. of
Corrections; Bill Merkel, Warden, Respondents-Appellees.
 No. 96-16945.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1997.**
Decided Nov. 14, 1997.
 
 MEMORANDUM*
 Appeal from the United States District Court for the Northern District of California Charles A. Legge, District Judge Presiding
 BEFORE: CHOY, FERGUSON, and WIGGINS, Circuit Judges.
 
 
 1
 Jerry Demato, a California state prisoner, appeals the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court found sufficient evidence existed for a jury to convict him of residential burglary pursuant to California Penal Code Section 459. Petitioner is currently serving a 34-year sentence enhanced because of prior convictions. Petitioner contends that inculpatory evidence, consisting solely of a fingerprint on a coin jar which remained in the burglarized apartment, was insufficient to support his conviction. We affirm.
 
 
 2
 We review the district court's denial of a section 2254 habeas petition de novo. Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995). In reviewing the question whether the evidence was sufficient to sustain a conviction, we must view that evidence in the light most favorable to the government and determine whether on that basis any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 3
 The victim's apartment was burglarized between 10 a.m. and 2 p.m. A window had been broken and the front door was ajar. The apartment was ransacked and two glass jars were on the floor. They had contained coins but were now empty.
 
 
 4
 Two fingerprints were found, one on the window sill which did not match the defendant's, and the other on one of the coin jars which matched the petitioner's right index finger. Experts could not establish when the defendant's fingerprint was placed on the jar.
 
 
 5
 The victim does not know the defendant and had never invited him into her apartment.
 
 
 6
 This circuit has established that,
 
 
 7
 in fingerprint-only cases in which the prosecution's theory is based on the premise that the defendant handled certain objects while committing the crime in question, the record must contain sufficient evidence from which the trier of fact could reasonably infer that the fingerprints were in fact impressed at that time and not at some earlier date.
 
 
 8
 Mikes v. Borg, 947 F.2d 353, 356 (9th Cir.1991), cert. den. 505 U.S. 1229 (1992). We have upheld convictions where fingerprint evidence linked the defendant to the scene of the crime at the time the crime was committed. See Taylor v. Stainer, 31 F.3d 907, 910 (9th Cir.1994); McMillan v. Gomez, 19 F.3d 465, 469 (9th Cir.1994).
 
 
 9
 It is clear from the evidence that the only time the defendant could have handled the coin jar was between 10 a.m. and 2 p.m. on the day of the robbery.
 
 
 10
 The defense was that someone else broke into the apartment and committed the theft. The defendant hoped that the jury would believe that he had merely walked in through an open door after the burglary.
 
 
 11
 The jury was entitled to base its verdict on reasonable inferences.
 
 
 12
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir. R. 36-3