[No. B111626. Second Dist., Div. Five. July 28, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
VICTOR LEON TROTTER, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, the following portions of the opinion are certified for publication.

**COUNSEL**

Rosemary J. Schwimmer, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Robert F. Katz and Juliet H. Swoboda, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**TURNER, P. J.—**

### I. INTRODUCTION

Defendant, Victor Leon Trotter, appeals from his conviction for: two counts of assault with a firearm (Pen. Code,[1] § 245, subd. (a)(2)); possession of a firearm by an ex-felon (§ 12021.1); and escape from custody. (§ 4532, subd. (b)(1).) Additionally, he was found to have personally used a firearm in each of the aggravated assaults. (§ 12022.5, subds. (a) & (d).) In the

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

published portion of this opinion, we concluded defendant, who was out of custody at the time of his municipal court arraignment when he ran from the courtroom, may not be convicted of escape within the meaning of section 4532, subdivision (b)(1). We reach this conclusion in the context of an evidentiary record before the jurors which contains no evidence defendant was ever in custody prior to the arraignment at which he ran from the courtroom. We do not address the issue of an escape from a courtroom by an in-custody defendant.

## II. Discussion

### *Escape From Custody*

Defendant argues there was insufficient evidence to support his conviction for escape from custody.[2]  ▇  We review the evidence in a light most favorable to the judgment. (*Jackson* v. *Virginia* (1979) 443 U.S. 307, 319 [99 S.Ct. 2781, 2789, 61 L.Ed.2d 560]; *Taylor* v. *Stainer* (9th Cir. 1994) 31 F.3d 907, 908-909; *People* v. *Marshall* (1997) 15 Cal.4th 1, 34 [61 Cal.Rptr.2d 84, 931 P.2d 262]; *People* v. *Barnes* (1986) 42 Cal.3d 284, 303 [228 Cal.Rptr. 228, 721 P.2d 110].) Our sole function is to determine if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*Jackson* v. *Virginia, supra,* 443 U.S. at p. 319 [99 S.Ct. at p. 2789]; *People* v. *Marshall, supra,* 15 Cal.4th at p. 34; *People* v. *Ochoa* (1993) 6 Cal.4th 1199, 1206 [26 Cal.Rptr.2d 23, 864 P.2d 103].) The standard of review is the same in cases where the prosecution relied primarily on circumstantial evidence. (*People* v. *Bloom* (1989) 48 Cal.3d 1194, 1208 [259 Cal.Rptr. 669, 774 P.2d 698]; *People* v. *Bean* (1988) 46 Cal.3d 919, 932 [251 Cal.Rptr. 467, 760 P.2d 996].)

The relevant evidence was as follows. Defendant appeared in municipal court on November 12, 1996, for arraignment on the aggravated assault with a firearm and possession of a firearm by an ex-felon charges. Following the entry of a not guilty plea, the judge determined that defendant should be placed in custody pending a bail hearing later that day. The judge instructed defendant: "Mr. Trotter, in this type of case I'm going to err on the side of caution. I'm going to ask that you take a seat. The bailiff will direct you

---

[2]Section 4532 provides in pertinent part: "(b)(1) Every prisoner arrested and booked for, charged with, or convicted of a felony . . . , who is confined in any county or city jail, prison, industrial farm, or industrial road camp, is engaged on any county road or other county work, is in the lawful custody of any officer or person, or is confined pursuant to Section 4011.9, who escapes or attempts to escape from a county or city jail, prison . . . or from the custody of the officer or person in charge of him or her while engaged in or going to or returning from the county work or from the custody of any officer or person in whose lawful custody he or she is . . . , is guilty of a felony . . . ."

where. I will take you into custody. I will order a bail or O.R. report to be prepared for today so we will have a hearing today as to what the bail should be." Defendant then ran from the courtroom and was apprehended by the bailiff in the hallway of the courthouse. The bailiff, Deputy William Wenzel, testified that defendant appeared in court for arraignment while subject to an own recognizance release. There was no evidence presented to the jury that defendant had ever been booked or in custody for the offenses which led to his arraignment on November 12, 1996.

This case is controlled by the California Supreme Court decision of *People* v. *Diaz* (1978) 22 Cal.3d 712, 715 [150 Cal.Rptr. 471, 586 P.2d 952]. In *Diaz*, the defendant was a passenger in an automobile driven by a codefendant. An officer stopped the car driven by the codefendant for a traffic violation. The officer was aware of an outstanding warrant for the codefendant's arrest. The officer attempted to arrest the codefendant. Thereupon, the officer was pushed by the codefendant. The defendant got out of the automobile and encouraged the codefendant to leave. The officer retreated to his patrol car to summon assistance. The defendant and codefendant then drove away from the officer. The defendant was charged with aiding and abetting the escape of a prisoner. (§ 4532, subd. (b).) The defendant argued that the codefendant was not a "prisoner" within the meaning of section 4532. In *People* v. *Diaz*, *supra*, 22 Cal. 3d at page 715, quoting *In re Culver* (1968) 69 Cal.2d 898, 901 [73 Cal.Rptr. 393, 447 P.2d 633], the California Supreme Court held: "[L]egislative history made it clear that the use of the term 'prisoner' was intended as limiting the section [(4532)] either to those incarcerated in prison or 'to prisoners incarcerated in facilities other than prisons or who might be temporarily in custody outside the walls of a custodial facility . . . .' " In reversing the defendant's conviction, the *Diaz* court concluded: "[I]n using the term 'prisoner' the Legislature intended to connote a person who has been booked, incarcerated at the time of his escape, or previously so incarcerated and temporarily in custody outside the confinement facility." (*People* v. *Diaz*, *supra*, 22 Cal.3d at p. 716.) The *Diaz* court further pointed out the significance of the placement of section 4532 within the Penal Code amongst chapters related to persons who have been incarcerated or confined in correctional facilities, such as: offenses by prisoners; escapes and rescues; unauthorized communications with prisons and prisoners; demolishing prisons and jails; and trials of prisoners. (22 Cal.3d at p. 717.)

■ We have reviewed all of the legislative history related to section 4532 from its enactment in 1941 to present and find no indication that the Legislature ever intended that a defendant who is clearly not in custody when he flees a courtroom is a "prisoner", against whom escape charges can

be filed. As originally enacted in 1941, section 4532 provided in relevant part: "Every prisoner charged with or convicted of a felony who is confined in any jail or prison or industrial farm or industrial road camp or who is engaged on any county road or other county work or who is on the lawful custody of any officer or person, who escapes or attempts to escape from such jail, prison, industrial farm or industrial road camp or from the custody of the officer or person in charge of him while engaged on or going to or returning from such county work or from the custody of any officer or person whose lawful custody he is, is guilty of a felony . . . ." (Stats. 1941, ch. 106, § 15, pp. 1124-1125.)

Section 4532 has been amended over the years as follows. The 1943 amendment added misdemeanant prisoners to those included within section 4532, changed "jail" to "county jail," and increased the penalty. (Stats. 1943, ch. 635, § 3, p. 2256; Assem. Bill No. 479, Assem. Final Hist. (1943 Reg. Sess.) p. 243.) The 1949 amendment added a provision to require the sentence for a violation of section 4532 be served consecutively to the term previously imposed. (Stats. 1949, ch. 1293, § 1, p. 2276; Sen. Bill No. 113, Sen. Final Hist. (1949 Reg. Sess.) p. 138.) The 1953 amendment made a completed misdemeanor escape a felony if it was by force or violence. (Stats. 1953, ch. 755, § 1, p. 2017; Sen. Bill No. 1216, Sen. Final Hist. (1953 Reg. Sess.) p. 369.) A 1955 amendment changed the offense from a misdemeanor to a felony. (Stats. 1955, ch. 585, § 1, p. 1079; Assem. Bill No. 2285, Assem. Final Hist. (1955 Reg. Sess.) p. 781.) The 1959 amendment added provisions to include misdemeanor escape as applicable to those confined to work furlough facilities who fail to return to their place of confinement. (Stats. 1959, ch. 1463, § 2, p. 3759; Assem. Bill No. 1203, Assem. Final Hist. (1959 Reg. Sess.) p. 623.) A 1961 amendment added the terms "arrested and booked" to describe those individuals to whom the statute applies in addition to those who have been formally charged. (Stats. 1961, ch. 1570, § 1, p. 3395; Assem. Bill No. 1716, Assem. Final Hist. (1961 Reg. Sess.) p. 499.) A 1963 amendment accomplished the following: reduced the maximum term of imprisonment for escape or an attempt to do so by a misdemeanant where no force or violence was used; restricted the penalties for escape by a felon to cases involving force or violence; and added a new penalty in cases involving force or violence. (Stats. 1963, ch. 1517, § 1, pp. 3098-3099; Sen. Bill No. 1417, Sen. Final Hist. (1963 Reg. Sess.) p. 406.) The 1965 amendment provided for the same penalties for escape by inebriates committed to various rehabilitation facilities. (Stats. 1965, ch. 1803, § 1, pp. 4177-4178; Sen. Bill No. 1527, Sen. Final Hist. (1965 Reg. Sess.) p. 404.) The 1968 amendment included clarifying and technical changes in the provisions defining and prescribing penalties for escape of prisoners. (Stats. 1968, ch. 1116, § 1, pp. 2131-2132; Assem. Bill

No. 953, Assem. Final Hist. (1968 Reg. Sess.) p. 333.) The 1969 amendment made the provisions applicable to persons authorized to attend educational programs under the Work Furlough Rehabilitation Law. (Stats. 1969, ch. 588, § 1, p. 1221; Sen. Bill No. 944, Sen. Final Hist. (1969 Reg. Sess.) p. 260.) In 1976, the statute was amended to include those prisoners: who failed to return following release from county jail on a temporary pass for family emergencies; who failed for purposes of preparing to return to the community; and those who escaped while hospitalized without supervision. (Stats. 1976, ch. 1123, § 1, p. 5026; Assem. Bill No. 3950, Assem. Final Hist. (1975-1976 Reg. Sess.) p. 2058; Stats. 1976, ch. 1139, § 289, p. 5155; Sen. Bill No. 42, Sen. Final Hist. (1975-1976 Reg. Sess.) pp. 35-36.) The 1977 amendment increased the penalties for violation of the statute in accord with the determinate sentencing law. (Stats. 1977, ch. 165, § 64, p. 670; Assem. Bill No. 476, Assem. Final Hist. (1977-1978 Reg. Sess.) pp. 362-363.) The 1978 amendment set the punishment as two, four, or six years. (Stats. 1978, ch. 579, § 38, p. 1995; Sen. Bill No. 709 (1977-1978 Reg. Sess.) p. 423.) The 1982 amendment prohibited, except in unusual cases, a grant of probation for felony escapes under this statute and provided for a minimum 90-day jail term for misdemeanor convictions for violating section 4532. (Stats. 1982, ch. 628, § 1, p. 2631; Assem. Bill No. 2312, Assem. Final Hist. (1981-1982 Reg. Sess.) p. 1463.) The 1984 amendment set determinate terms of one year and one day for felony escape under this statute. (Stats. 1984, ch. 1432, § 7, pp. 5025-5027; Sen. Bill No. 1914, Sen. Final Hist. (1983-1984 Reg. Sess.) p. 1167.) The amendment of 1985 provided that those convicted of escape by force or violence shall be punished by a full consecutive term and not subject to a reduction pursuant to section 1170.1, subdivision (a). (Stats. 1985, ch. 915, § 1, pp. 2910-2912; Sen. Bill No. 610, Sen. Final Hist. (1984-1985 Reg. Sess.) p. 439.) The 1991 amendment added to those included by the statute individuals committed by order of the juvenile court. (Stats. 1991, ch. 1162, § 2, pp. 5585-5587; Assem. Bill No. 2214, Assem. Final Hist. (1990-1991 Reg. Sess.) p. 944.) The 1992 amendment added those individuals in a home detention program. (Stats. 1992, ch. 5, § 2, pp. 25-27; Sen. Bill No. 151, Sen. Final Hist. (1991-1992 Reg. Sess.) p. 138.) The amendments of 1979, 1993, and 1995, made nonsubstantive changes in the statute. (Stats. 1979, ch. 373, § 248, p. 1355; Sen. Bill No. 925, Sen. Final Hist. (1978-1979 Reg. Sess.) pp. 557-559; Stats. 1993, ch. 589, § 125, pp. 128-130; Assem. Bill No. 2211, Assem Final Hist. (1992-1993 Reg. Sess.) p. 1513; Stats. 1995, ch. 377, § 7; Sen. Bill No. 1095 (1994-1995 Reg. Sess.) p. 755.)

On no occasion has the Legislature utilized any language which would apply to the present scenario, an out-of-custody accused who runs from the courtroom when the judge remands the defendant and indicates a bail

hearing will be held later in the day. Also, we have examined every available committee report prepared in connection with all versions of section 4532 since 1941. Those reports and other legislative materials, which are over nine inches thick, never refer to escapes from courtrooms by defendants who were not previously in custody during the proceedings.

In conclusion, there was no evidence presented at trial in this case that defendant was a person who had "been booked, incarcerated at the time of his escape, or previously so incarcerated and temporarily in custody outside the confinement facility" as required by *People* v. *Diaz, supra,* 22 Cal.3d at page 716. As noted previously, there was no evidence presented to the jury he had ever been booked or confined in a "confinement facility" in connection with the present case. He was not in custody for purposes of section 4532, subdivision (b)(1) when he sprinted out the courtroom. As a result, his conviction for violating section 4532, subdivision (b)(1) must be reversed and dismissed. (*United States* v. *DiFrancesco* (1980) 449 U.S. 117, 127-128 [101 S.Ct. 426, 432-433, 66 L.Ed.2d 328]; *Burks* v. *United States* (1978) 437 U.S. 1, 11 [98 S.Ct. 2141, 2147, 57 L.Ed.2d 1].)

We are very sensitive to the seriousness of the criminal conduct for which defendant has now received the benefit of a reversal and dismissal. At present, no statute appears to properly punish the very dangerous conduct such as occurred in this case when the accused was not previously in custody before the escape. Section 4532, subdivision (c)(1) denies probation except in unusual cases when the in-custody or previously incarcerated defendant escapes from a court building. Persuasive arguments can be made that certain misdemeanor statutes such as contempt (§ 166, subd. (a)(5)) or interfering with a peace officer in the performance of her or his duties (§ 148, subd. (a)) can serve as a basis for the imposition of criminal liability for an out-of-custody criminal defendant who flees the courtroom in response to a remand order. Our decision occurs at a time of increasing violence in California courtrooms, including escapes and assaults on attorneys and bailiffs. It certainly is altogether appropriate that specific legislation designed to serve the public interest be enacted so that criminal conduct such as engaged in by defendant in this case be the subject of felony treatment as an offense or as a sentence enhancement.

. . . . . . . . . . . . . . . . . . . . . . . . . .*

### III. Disposition

The judgment is modified as follows. The conviction for escape from custody is reversed and dismissed. The judgment is modified to reflect that

*See footnote, *ante,* page 965.

defendant was convicted of a violation of Penal Code section 12021, subdivision (a), rather than section 12021.1. The matter is remanded to allow the trial court to exercise its discretion to resentence on counts 1, 2 and 3 in light of the reversal and dismissal of count 4. After sentencing modifications have been made, an amended abstract of judgment shall be forwarded to the Department of Corrections. In all other respects, the judgment is affirmed.

Armstrong, J., and Godoy Perez, J., concurred.

A petition for a rehearing was denied August 18, 1998, and the opinion was modified to read as printed above.