■ The People of the State of New York, Respondent, v Latif McKenzie, Appellant. [768 NYS2d 816]—

Judgment, Supreme Court, Bronx County (Robert Straus, J.), rendered January 8, 2001, convicting defendant, after a jury trial, of robbery in the first degree, robbery in the second degree (two counts) and burglary in the first degree (two counts), and sentencing him, as a second violent felony offender, to an aggregate term of 18 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning identification and credibility, including its evaluation of the witnesses' inability to make in-court identifications (*see People v Fratello*, 92 NY2d 565, 572-573 [1998], *cert denied* 526 US 1068 [1999]). Moreover, the fingerprint evidence, standing alone, established defendant's guilt beyond a reasonable doubt, notwithstanding his far-fetched theory as to how he may have innocently left his fingerprint on a crutch that was used to beat one of the victims (*see People v Steele*, 287 AD2d 321, 322 [2001], *lv denied* 97 NY2d 688 [2001]; *Taylor v Stainer*, 31 F3d 907, 910 [1994]).

Defendant's claim that the prosecution failed to lay a proper foundation for the admission of the witnesses' lineup identifications (*see* CPL 60.25 [1] [a] [iii]) is unpreserved and we decline to review it in the interest of justice. Defendant has not established that counsel's failure to raise this issue constituted ineffective assistance (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Since counsel made affirmative use of the lineup identifications, coupled with the witnesses' purported disavowals thereof, defendant has not shown "the absence of strategic or other legitimate explanations" for counsel's conduct (*People v Rivera*, 71 NY2d 705, 709 [1988]). In any event, were we to find that counsel's failure to object was not strategic, we would find that the error did not deprive defendant of a fair trial (*see People v Hobot*, 84 NY2d 1021, 1024 [1995]). Concur—Buckley, P.J., Andrias, Sullivan, Friedman and Gonzalez, JJ.