[No. B186990. Second Dist., Div. Five. July 20, 2006.]

In re ARCENIO V., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ARCENIO V., Defendant and Appellant.

## COUNSEL

Murray A. Rosenberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Marc E. Turchin and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**TURNER, P. J.**—The minor, Arcenio V., appeals the October 26, 2005 wardship order (Welf. & Inst. Code, § 602) and placement in a camp community placement program. The juvenile court sustained the allegations of a petition filed October 4, 2005, charging the minor with single counts of firearm possession (Pen. Code,[1] § 12101, subd. (a)(1)) and live ammunition possession by a minor. (§ 12101, subd. (b)(1).) The minor argues there was insufficient evidence to support his conviction for possession of *live* ammunition. We agree. We reverse the jurisdictional order in part.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

We view the evidence in a light most favorable to the judgment. (*Jackson v. Virginia* (1979) 443 U.S. 307, 319 [61 L.Ed.2d 560, 99 S.Ct. 2781]; *People v. Elliot* (2005) 37 Cal.4th 453, 466 [35 Cal.Rptr.3d 759, 122 P.3d 968]; *People v. Osband* (1996) 13 Cal.4th 622, 690 [55 Cal.Rptr.2d 26, 919 P.2d 640]; *Taylor v. Stainer* (9th Cir. 1994) 31 F.3d 907, 908–909; see also *In re Cheri T.* (1999) 70 Cal.App.4th 1400, 1404 [83 Cal.Rptr.2d 397]; *In re Babak S.* (1993) 18 Cal.App.4th 1077, 1088–1089 [22 Cal.Rptr.2d 893] [standard of proof is the same in juvenile proceedings as that required in adult criminal trials]; *In re Jose R.* (1982) 137 Cal.App.3d 269, 275 [186 Cal.Rptr. 898] [same].) At approximately 4:55 p.m. on October 1, 2005, Los Angeles Police Officer Benjamin Jones was driving in an alley. Officer Jones saw the minor and two other young men move from the front of a utility cabinet to hide behind a green metal trash bin. The minor had been facing the utility cabinet while the two other youngsters faced different directions. Officer Jones knew that the minor and one of the other young men were on probation. Officer Jones and other officers detained and handcuffed the minor and the two youngsters. Officer Jones saw another officer look inside the utility cabinet. The other officer found two handguns and a black bag that contained marijuana and a glass pipe. The minor was advised of his constitutional rights. Thereafter, the minor waived his rights and agreed to speak with Officer Jones. The minor told Officer Jones, "All I did was play with [the gun]." The minor said he did not know who owned the gun but they had just been passing it back and forth. Officer Jones unloaded the ammunition from the gun's magazine and booked the bullets into evidence.

There is no substantial evidence to support the minor's conviction for possessing *live* ammunition. In reviewing a challenge of the sufficiency of the evidence, we apply the following standard of review: "[We] consider the evidence in a light most favorable to the judgment and presume the existence of every fact the trier could reasonably deduce from the evidence in support of the judgment. The test is whether substantial evidence supports the decision, not whether the evidence proves guilt beyond a reasonable doubt." (*People v. Mincey* (1992) 2 Cal.4th 408, 432 [6 Cal.Rptr.2d 822, 827 P.2d 388], fn. omitted; see *People v. Hayes* (1990) 52 Cal.3d 577, 631 [276 Cal.Rptr. 874, 802 P.2d 376]; *People v. Johnson* (1980) 26 Cal.3d 557, 576 [162 Cal.Rptr. 431, 606 P.2d 738]; see also *People v. Gurule* (2002) 28 Cal.4th 557, 630 [123 Cal.Rptr.2d 345, 51 P.3d 224].) Our sole function is to determine if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*Jackson v. Virginia, supra,* 443 U.S. at pp. 318–319; *Taylor v. Stainer, supra,* 31 F.3d at pp. 908–909; *People v. Moon* (2005) 37 Cal.4th 1, 22 [32 Cal.Rptr.3d 894, 117 P.3d 591]; *People v. Bolin* (1998) 18 Cal.4th 297, 331 [75 Cal.Rptr.2d 412, 956 P.2d 374].) The standard of review is the same in cases where the prosecution relies primarily on circumstantial evidence. (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11 [82

Cal.Rptr.2d 413, 971 P.2d 618]; *People v. Stanley* (1995) 10 Cal.4th 764, 792 [42 Cal.Rptr.2d 543, 897 P.2d 481]; *People v. Bloom* (1989) 48 Cal.3d 1194, 1208 [259 Cal.Rptr. 669, 774 P.2d 698]; *People v. Bean* (1988) 46 Cal.3d 919, 932 [251 Cal.Rptr. 467, 760 P.2d 996].) The California Supreme Court has held, "Reversal on this ground is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].' " (*People v. Bolin, supra,* 18 Cal.4th at p. 331, quoting *People v. Redmond* (1969) 71 Cal.2d 745, 755 [79 Cal.Rptr. 529, 457 P.2d 321]; see also *People v. Hughes* (2002) 27 Cal.4th 287, 370 [116 Cal.Rptr.2d 401, 39 P.3d 432].)

We agree with the minor there is insufficient circumstantial evidence the rounds were "live" within the meaning of section 12101, subdivision (b)(1).[2] There was no direct or opinion testimony that the rounds were live. Rather, citing the majority decision in the case of *In re Khamphouy S.* (1993) 12 Cal.App.4th 1130, 1135 [15 Cal.Rptr.2d 882], the Attorney General argues there was sufficient *circumstantial* evidence to support the implied finding the rounds were capable of being fired. In *Khamphouy S.*, the majority held in a very close case: "Here, at the jurisdictional hearing, defense counsel challenged the sufficiency of the evidence regarding whether the ammunition found on Khamphouy was in fact live. The [trial] court responded, however, it looked live. The record contains evidence Khamphouy had thirteen .38 caliber rounds in his pockets. Under the seat on which he was sitting were two guns which McCracken describes as 'loaded' with .38 caliber rounds. The brand of ammunition found in Khamphouy's jacket pocket was the same as the bullets in the .38 revolver. The rounds found in Khamphouy's pockets appeared live to the court which by clear implication rejected the notion that evidence of testing the ammunition was necessary. From the officers' actions in dealing with the situation as a matter of utmost gravity after a gun was first seen, including not only unloading the guns to make them 'safe' but also carefully collecting, separating and describing the types of ammunition found, it is a reasonable inference based on solid evidence that the ammunition was live. Why else would the officers have so carefully dealt with the ammunition? There was substantial circumstantial evidence the ammunition in Khamphouy's pockets was live ammunition." (*Id.* at pp. 1134–1135, fns. omitted.)

The present case does not contain the critical circumstantial evidence the rounds were live. As noted, the trial court in *Khamphouy S.* personally

---

[2] Section 12101, subdivision (b) states in its entirety: "(b)(1) A minor shall not possess live ammunition. [¶] (2) Paragraph (1) shall not apply if one of the following circumstances exists: [¶] (A) The minor has the written consent of his or her parent or legal guardian to possess live ammunition. [¶] (B) The minor is accompanied by his or her parent or legal guardian. [¶] (C) The minor is actively engaged in, or is going to or from, a lawful, recreational sport, including, but not limited to, competitive shooting, or agricultural, ranching, or hunting activity, the nature of which involves the use of a firearm."

examined the ammunition. (*In re Khamphouy S.*, *supra*, 12 Cal.App.4th at p. 1135, fn. 3.) Further, there was testimony by the state traffic officer in *Khamphouy S.* the rounds had to be removed from the gun to make the bullets safe, which is consistent with the inference that while they were in the weapon the ammunition was unsafe. In the present case, the only testimony was that bullets were in the handgun and they were removed for booking purposes. There was no testimony that removal of the rounds was necessary for safety purposes as was the case in *Khamphouy S.* There was no opinion testimony by Officer Jones that the rounds were live. Moreover, the trial court did not inspect the rounds as was the case in *Khamphouy S.* No effort was made to test-fire the handgun or any of the bullets. Accordingly, there is no substantial evidence to support the element the ammunition be *live* as required by section 12101, subdivision (b)(1).

The jurisdictional order is reversed only as to the finding the minor committed a violation of section 12101, subdivision (b)(1). The orders under review are affirmed in all other respects.

Armstrong, J., and Kriegler, J., concurred.