THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE TEXEIRA, Appellant. [821 NYS2d 183]—

Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered January 21, 2004, convicting defendant, after a jury trial, of burglary in the second degree and robbery in the third degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 22 years to life and 3½ to 7 years, respectively, unanimously modified, on the law, to the extent of vacating the DNA databank fee, and otherwise affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant's contention regarding the sufficiency of the fingerprint evidence is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant's fingerprint found on the outside of the window used by the burglar to gain access to the victims' home was, standing alone, sufficient to support the conviction (*see People v Yancey*, 24 NY2d 864 [1969]), particularly in view of the evidence that the fenced-in backyard leading to the window was inaccessible to the public. Defendant's farfetched theory that the prints might

have been left on the window long before the crime, and that the public might have had access to the backyard at some time in the distant past, does not warrant a different conclusion (*see e.g. People v McKenzie*, 2 AD3d 348 [2003], *lv denied* 2 NY3d 764 [2004]; *People v Steele*, 287 AD2d 321, 322 [2001], *lv denied* 97 NY2d 682 [2001]; *Taylor v Stainer*, 31 F3d 907, 910 [1994]).

The record establishes that defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

Defendant's constitutional challenge to his sentence as a persistent violent felony offender is unpreserved for appellate review and, in any event, is without merit (*see People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]). Defendant's sentence was based entirely on his prior convictions (*see Almendarez-Torres v United States*, 523 US 224 [1998]).

As the People concede, since the crimes were committed prior to the effective date of the legislation providing for the imposition of a DNA databank fee, that fee should not have been imposed.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Tom, J.P., Andrias, Friedman, Marlow and Gonzalez, JJ.