■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RAWLINS, Appellant. [829 NYS2d 79]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered February 25, 2004, convicting defendant, after a jury trial, of six counts of burglary in the third degree, and sentencing him, as a persistent felony offender, to concurrent terms of 15 years to life, unanimously affirmed.

We reject defendant's challenges to the sufficiency and weight of the evidence supporting one of his convictions. The evidence supports the conclusion that defendant placed his fingerprint on the window of the store in question during the burglary, and not on some hypothetical alternate occasion (*see e.g. People v Texeira*, 32 AD3d 756 [2006]; *Taylor v Stainer*, 31 F3d 907, 910 [9th Cir 1994]).

The People established a sufficient foundation to permit the court to receive reports of fingerprint comparisons under the business records exception set forth in CPLR 4518 (a). A latent fingerprint expert testified that he was familiar with the business practices of his unit of the Police Department, and his testimony supported the conclusion that all of the fingerprint reports satisfied the contemporaneity requirement of the business records exception (*see People v Cratsley*, 86 NY2d 81, 89 [1995]; Prince, Richardson on Evidence § 8-301 [Farrell 11th ed]).

Although a fingerprint examiner who did not testify made some of these reports, we conclude that the nontestifying examiner's reports qualified as nontestimonial business records, and thus did not violate defendant's right of confrontation (*see Crawford v Washington*, 541 US 36, 56 [2004]). Unlike the affidavit of mailing in *People v Pacer* (6 NY3d 504, 509-512 [2006]), which the Court of Appeals found to be testimonial notwithstanding the business records exception contained in *Crawford*, the fingerprint examination reports were not prepared for the specific purpose of litigation. On the contrary, they were prepared in the regular course of an investigation in progress, at a time when defendant had not yet been arrested. Moreover, the reports at issue were introduced through the testimony of a live witness subject to confrontation, albeit not the author of those particular reports. In any event, were we to find any error, we would find it harmless, because the examiner who testified about these reports made his own comparisons of the same fingerprints tested by the nontestifying examiner and reached the same conclusions; accordingly, the nontestifying examiner's reports were merely duplicative of other evidence that was subject to cross-examination (*see People v Sanders*, 56 NY2d 51, 66 [1982]).

Likewise, to the extent that the court erred in permitting a

police witness to testify as to descriptions she had received from other witnesses, under the mistaken assumption that those witnesses would also be testifying (*see People v Huertas*, 75 NY2d 487 [1990]), we find that any error was harmless, since that testimony was entirely cumulative to similar evidence that two other eyewitnesses provided.

The court properly exercised its discretion in sentencing defendant as a persistent felony offender. The procedure under which he was adjudicated a persistent felony offender is constitutional (*see People v Rivera*, 5 NY3d 61 [2005], *cert denied* 546 US —, 126 S Ct 564 [2005]). Concur—Andrias, J.P., Marlow, Williams, Buckley and Malone, JJ.