**Ricky SOBARZO, Petitioner–Appellant,**

v.

**A.K. SCRIBNER, Warden, Respondent–Appellee.**

No. 05–56936.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 3, 2008.

Filed March 11, 2008.

Ricky Sobarzo, Corcoran, CA, pro se.

Matthew C. Mulford, Esq., AGCA–Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: GOODWIN, SCHROEDER, and TALLMAN, Circuit Judges.

MEMORANDUM *

Ricky Sobarzo, a California state prisoner, appeals the district court's dismissal of

* This disposition is not appropriate for publication and is not precedent except as provided

his petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction for second degree murder. The district court concluded that the California Court of Appeal's reasoned decision that the evidence was sufficient to support his conviction was not an unreasonable application of established federal law under AEDPA. *See* 28 U.S.C. § 2254(d).

The state contended in district court that the claim was procedurally defaulted on the basis of a Superior Court ruling of procedural default. The district court did not directly address the issue. The state court record, however, reflects that petitioner raised the sufficiency issue on direct appeal. Therefore there was no procedural default, and the district court properly reached the merits of petitioner's habeas claims.

The claim of insufficiency is grounded on the fact that while there was blood at the scene of the murder that matched the petitioner's, there was also blood indicating that someone else had been present and bled at the scene. As the Court of Appeal observed, this was a good argument for reasonable doubt when petitioner made it to the jury, but it was for the jury to determine his guilt. The jury found him guilty of second degree murder, not first. Under established Supreme Court precedent, the evidence is sufficient if any reasonable juror could have found the defendant guilty of that crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *see also Wright v. West,* 505 U.S. 277, 283–84, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992) (plurality). Our circuit has consistently held, following that authority, that the prosecution need not dis-

by 9th Cir. R. 36–3.

prove every possible scenario in order to obtain a verdict of guilt beyond a reasonable doubt. *See Taylor v. Stainer,* 31 F.3d 907, 908–09 (9th Cir.1994) (quoting *Wright,* 505 U.S. at 296, 112 S.Ct. 2482).

The judgment of the district court is **AFFIRMED.**