Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered May 25, 2007, convicting defendant, after a jury trial, of robbery in the second degree and burglary in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of 13 years and 3V2 to 7 years, respectively, unanimously affirmed.
The verdict was not against the weight of the evidence when the evidence is considered in light of the jury charge, including the supplemental charge explaining that a conviction on the robbery count could be based on a finding that defendant’s conduct was “an actual contributory cause” of an injury inflicted during the robbery (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The only reasonable explanation for the presence of defendant’s fingerprints on the vehicles in question was that he was one of the two perpetrators of the robbery and burglary. The alternative explanation that defendant posits on appeal not only is farfetched (see e.g. People v Texeira, 32 AD3d 756 [2006], lv denied 7 NY3d 904 [2006]), but also is inconsistent with defendant’s statement to the police. Defendant’s challenge to the reliability of fingerprint evidence in general is unsupported by anything in the record (see People v Akili, 289 AD2d 55, 56 [2001], lv denied 98 NY2d 635 [2002]).
Defendant’s challenge to the People’s summation is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. To the extent that any of the remarks at issue may have been inappropriate, the court’s curative instructions were sufficient to prevent any prejudice.
We perceive no basis for reducing the sentence. Concur—Tom, J.P, Andrias, Friedman, Catterson and Acosta, JJ.