■ In the Matter of GODWIN R., a Person Alleged to be a Juvenile Delinquent, Appellant. [992 NYS2d 415]—

Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about February 25, 2013, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of burglary in the third degree, criminal trespass in the third degree, petit larceny, and criminal possession of stolen property in the fifth degree, and placed him on probation for a period of 18 months, unanimously affirmed, without costs.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the court's evaluation of expert testimony. The pre-

sentment agency's fingerprint expert testified about the basis for his conclusion that appellant's known fingerprint matched a latent print recovered from a school-owned laptop computer after it and 13 other computers were found discarded outdoors in the same location where the police saw three youths dropping garbage bags and a metal bin while fleeing. Appellant's contention that the expert's testimony carried little weight due to his inexperience is unavailing, given that the expert had received extensive training, and had analyzed more than 1,000 fingerprints over the course of about two years. Appellant's theory that he could have innocently possessed the computer was refuted by the testimony that the computer was assigned only to students at a school which appellant did not attend, and that the students' computers were not permitted to be removed from the school (*see e.g. People v Texeira*, 32 AD3d 756 [1st Dept 2006], *lv denied* 7 NY3d 904 [2006]).

Appellant's remaining argument is unpreserved, and we decline to review it in the interest of justice. Concur—Mazzarelli, J.P., Renwick, Andrias, Richter and Feinman, JJ.