People v Crawford (2019 NY Slip Op 04647)





People v Crawford


2019 NY Slip Op 04647


Decided on June 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2019

Renwick, J.P., Manzanet-Daniels, Gesmer, Kern, Singh, JJ.


9579 6170/09

[*1]The People of the State of New York, Respondent,
v
Bartholomew Crawford, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Ben A. Schatz of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Aaron Zucker of counsel), for respondent.



Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered November 6, 2015, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 25 years to life, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—49 [2007]). It is undisputed that defendant's DNA was on the stockings used by the burglar to tie up his victim, and that the only DNA found on the stockings came from defendant and the victim. There is no rational innocent explanation for the presence of defendant's DNA. Defendant's farfetched theory that he might have had contact with these stockings on some past occasion, and that another person somehow acquired them and brought them with him when he committed the burglary, rests entirely on speculation (see e.g. People v McKenzie, 2 AD3d 348 [2003], lv denied 2 NY3d 764 [2004]; People v Steele, 287 AD2d 321, 322 [2001], lv denied 97 NY2d 682 [2001]; Taylor v Stainer, 31 F3d 907, 910 [9th Cir 1994]). Moreover, the evidence supported the inference that the burglar took the stockings from the victim's drawer, even though the victim could not actually "identify" the particular stockings. We have considered and rejected defendant's remaining arguments on this issue.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2019
CLERK